JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MICHAEL S. DRELL (State Bar No. 327127)
  michaeldrell@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant
The Kroger Co.*

[*Additional Counsel Listed on Signature Page*]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>     vs.<br><br>THE KROGER CO.,<br><br>                     Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**JOINT STATEMENT PURSUANT TO LOCAL RULE 7-3 AND STANDING ORDER § 5(B) FOLLOWING CONFERENCE OF LEAD COUNSEL REGARDING DEFENDANT'S ANTICIPATED MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed:  June 20, 2025 |

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Plaintiff Mary Tomassian and Defendant The Kroger Co. (together, the Parties) provide this Joint Statement pursuant to Section 5(b) of the Standing Order entered in this action, ECF No. 9, following the August 14, 2025, and September 11, 2025 conferences of the Parties' counsel regarding Defendant's anticipated motion to dismiss Plaintiff's First Amended Complaint (FAC) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for failure to state a claim upon which relief may be granted.

**Initial Local Rule 7-3 Conference of Lead Counsel**

As detailed in the parties' prior submission (ECF No. 15), on August 14, 2025, the parties conferred via Zoom videoconference to discuss Defendant's anticipated motion to dismiss Plaintiff's Complaint.  During that discussion, which lasted approximately 20 minutes, the Parties identified and discussed certain issues to determine whether they could be resolved through agreement.  The Parties discussed Plaintiff's claims based on Kroger's alleged failure to disclose the presence of heavy metals in its rice product.  The Parties first discussed Defendant's reading of the Complaint that Plaintiff is not asserting any affirmative or partial misrepresentation on the part of Defendant.  The Parties then discussed Defendant's positions that Plaintiff's Complaint should be dismissed because (1) no reasonable consumer would be deceived, as Plaintiff fails to allege that Kroger had (a) a duty to disclose based on an unreasonable safety hazard given the lack of legal standard for limits on heavy metals or (b) that any defect is material, central to function, or meets a requisite *LiMandri* factor (*Hayden v. Bob's Red Mill Nat. Foods, Inc.*, 2024 WL 1643696, at \*8 (N.D. Cal. Apr. 16, 2024); *Lopez v. Mead Johnson Nutrition Co.*, 2025 WL 895213, at \*7 (N.D. Cal. Mar. 24, 2025)); (2) Plaintiff lacks standing to bring her Complaint for lack of injury based on hypothetical threats of heavy metals in the product (*McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 705 (9th Cir. 2020)); (3) Plaintiff has not adequately alleged her fraud-based claims with the specificity required by Federal Rules of Civil Procedure 9(b) (*Ebner v. Fresh, Inc.*,

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

838 F.3d 958, 965 (9th Cir. 2016)); and (4) Plaintiff does not adequately allege her Unfair Competition Law, implied warranty of merchantability, or unjust enrichment claims because there was no misrepresentation or other wrongdoing (*Cortez v. Handi-Craft Co., Inc.*, 2025 WL 1452561, at *2 (N.D. Cal. Apr. 29, 2025); *Grausz v. Hershey Co.*, 691 F. Supp. 3d 1178, 1195 (S.D. Cal. 2023)).  The Parties also discussed Defendant's position that (1) Plaintiff failed to plead facts supporting punitive damages (Cal. Civ. Code § 3294(b)), (2) Plaintiff failed to plead facts supporting equitable relief (*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)), and (3) Plaintiff cannot seek relief on behalf of a nationwide class (*Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013)).

Pursuant to Standing Order § 7 and Local Rule 7-1, the Parties stipulated to Plaintiff's filing of her FAC by August 29, 2025, Defendant's filing of its response to any FAC by September 19, 2025, Plaintiff's filing of her opposition to any motion to dismiss the FAC by October 10, 2025, and Defendant's filing of any reply in support of any motion to dismiss the FAC by October 24, 2025.

## Second Local Rule 7-3 Conference of Counsel

On September 11, 2025, Trenton Kashima, counsel for Plaintiff, and James Moon and Michael Drell, counsel for Defendant, conferred again via Zoom videoconference to discuss Defendant's anticipated motion to dismiss Plaintiff's FAC.  Mr. Kashima was in San Diego, California and Mr. Moon and Mr. Drell were in Los Angeles, California.  Counsel met and conferred this second time for about 10 minutes.

**Issues discussed.**  The Parties again discussed Plaintiff's claims based on Kroger's alleged failure to disclose the presence of heavy metals in its rice product. The Parties discussed Defendant's continued positions from the initial conference of counsel that Plaintiff's FAC should be dismissed (as outlined above), primarily because no reasonable consumer would be deceived, as Plaintiff again fails to allege

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

that Kroger had (a) a duty to disclose based on an unreasonable safety hazard given the lack of legal standard for limits on heavy metals or (b) that any defect is material, central to function, or meets a requisite *LiMandri* factor (*Hayden*, 2024 WL 1643696, at *8; *Lopez*, 2025 WL 895213, at *7*).

**Issues resolved.** The parties did not resolve Defendant's anticipated Motion to Dismiss, but the parties agreed that Plaintiff's claims are purely based on omissions as opposed to affirmative misrepresentations. The parties agreed that they had fundamentally opposing views on the legal issues presented above.

**Issues remaining.** The Parties expect to brief Defendant's anticipated Motion to Dismiss for resolution by the Court.

DATED:  September 12, 2025                 DAVIS WRIGHT TREMAINE LLP

                                          By: /s/ James H. Moon
                                               James H. Moon

                                          *Attorney for Defendant The Kroger Co.*

DATED:  September 12, 2025                 BRYSON HARRIS SUCIU & DEMAY PLLC

                                          By: /s/ Trenton R. Kashima
                                               Trenton R. Kashima

                                          *Attorney for Plaintiff Mary Tomassian*

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **LOCAL RULE 5-4.3.4 COMPLIANCE**

I, James H. Moon, attest that concurrence in the filing of this document has been obtained from each of the other signatories listed above, in accordance with Local Rule 5-4.3.4.

DATED:  September 12, 2025

_/s/ James H. Moon_
James H. Moon

JOINT STATEMENT FOLLOWING CONFERENCE OF COUNSEL

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899