```
JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MICHAEL S. DRELL (State Bar No. 327127)
  michaeldrell@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
The Kroger Co., Inc.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE KROGER CO.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>[*Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Jacob M. Harper; and Proposed Order Filed Concurrently*]<br><br>Date: November 3, 2025<br>Time: 1:30 p.m.<br>Location: Courtroom 7A<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed: June 20, 2025 |

1
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# REQUEST FOR JUDICIAL NOTICE

## I. INTRODUCTION

Defendant The Kroger Co. (Kroger) respectfully requests that the Court consider the following document in connection with Kroger's concurrently filed Motion to Dismiss First Amended Class Action Complaint (the Motion).

- **Exhibit A**: The Report, cited by Plaintiff Mary Tomassian in her FAC (¶¶ 10–11 & n.1–3), titled "*What's in your family's rice? Arsenic, Cadmium, and Lead in Popular Rice Brands—Plus 9 Safer Grains to Try*" authored by Jane Houlihan and Kyra Naumoff and published by *Healthy Babies Bright Futures* on May 14, 2025, obtained from https://hbbf.org/sites/default/files/2025-05/Arsenic-in-Rice-Report_May2025_R6_SECURED.pdf.  A true and correct copy of the Report is attached as Exhibit A.

As set forth below, the exhibit above is both incorporated by reference in the First Amended Complaint (FAC) and subject to judicial notice.  The Court therefore may consider the Report in its entirety in ruling on the Motion.

## II. LEGAL STANDARD

Although "[g]enerally[] district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) . . . [t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" in order to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom— their claims." *Id.* at 1002 (citation omitted).  This doctrine permits a court to "consider a writing referenced in a complaint but not explicitly incorporated therein,

2
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

In addition, "[j]udicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d 988, at 999 (quoting Fed. R. Evid. 201(b)). A fact is not subject to reasonable dispute if it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

## III. THE COURT SHOULD CONSIDER THE REPORT

### A. The Report is Incorporated by Reference in the FAC.

Ms. Tomassian asserts claims against Kroger based on the allegation that the basmati rice Kroger sells is "contaminated" with heavy metals. She relies on the Report to support her allegations that "testing" found heavy metals in Kroger's rice, which Kroger purportedly failed to disclose. *See* FAC ¶¶ 10–11 (citing Report, Ex. A) ("Independent testing has detected the presence of cadmium and arsenic in the Product."). Indeed, the "testing" discussed by the Report forms the explicit basis of the FAC's claims that Kroger omitted information about the product. *See id.* ¶¶ 9–12, 31–38.

The FAC therefore incorporates the Report by reference, as courts have ruled in similar circumstances. *See In re Theos Dark Chocolate Litig.*, 750 F. Supp. 3d 1069, 1080 (N.D. Cal. 2024) (incorporating by reference a consumer report about lead and cadmium in chocolate because it "appears to undergird Plaintiffs' claims concerning the presence of Heavy Metals in Defendant's products"); *Hayden v. Bob's Red Mill Nat. Foods*, 2024 WL 1643696, at *3 (N.D. Cal. Apr. 16, 2024) ("Exhibit B . . . consists of a copy of the full ConsumerLab.com article containing

3
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

the test results referred to by Plaintiff . . . . The Court's consideration of Exhibit B is similarly appropriate under the incorporation by reference doctrine given that Plaintiff's complaint expressly and repeatedly references this ConsumerLab.com report, and because the report's findings concerning cadmium content form the basis of Plaintiff's theory of liability"); *In re Trader Joe's Co. Dark Chocolate Litig.*, 726 F. Supp. 3d 1150, 1164 (S.D. Cal. 2024) (finding "'Test Methodology: Heavy Metals in Chocolate Bars' publication from *Consumer Reports*" and "As You Sow's 2022 test results for lead and cadmium" incorporated by reference as "they are relied on in the [Class Action Complaint.]" (collecting cases)); *see also Barton v. Kimberly-Clark Corp.*, 2025 WL 486316, at *3–4 (S.D. Cal. Feb. 13, 2025) (incorporating by reference "a copy of the article cited in the Complaint" as "Plaintiff's Complaint references and relies on this article to support its allegations.").

Incorporation by reference is particularly appropriate here to prevent selective citation. As explained in the Motion, Ms. Tomassian relies on the Report in attempting to state her theory of liability, but other, uncited portions of the Report are fatal to her claims, as the Report acknowledges (1) that there is no legal limit on the amount of heavy metals in rice; and (2) that prior research has, for *decades*, revealed the presence of trace amounts of naturally occurring heavy metals in rice. Ms. Tomassian's selective reliance on the Report is precisely what incorporation-by-reference is meant to prevent. *See Swartz*, 476 F.3d at 763 (incorporation by reference is meant to "prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based" (cleaned up)).

### B. The Report is Judicially Noticeable.

The Report is also properly the subject of judicial notice. The Report is judicially noticeable because, in general, "[p]ublicly accessible websites and news articles are proper subjects of judicial notice." *Diaz v. Intuit, Inc.*, 2018 WL 2215790, at *3 (N.D. Cal. May 15, 2018) (citing *Minor v. FedEx Office & Print*

4

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Servs., Inc.*, 182 F. Supp. 3d 966, 974 (N.D. Cal. 2016)). Ms. Tomassian herself cites and relies on the Report, and she cannot reasonably challenge its accuracy. Fed. R. Evid. 201(b)(2). The Court may therefore take judicial notice of the Report. *See Sotoodeh v. City of W. Covina*, 2024 WL 4113280, at *2 (C.D. Cal. Aug. 13, 2024) (taking judicial notice of news article); *Spitzer v. Aljoe*, 2016 WL 3275148, at *4 (N.D. Cal. June 15, 2016) (courts may take judicial notice of press releases and news articles).

## IV.   CONCLUSION

The Court should find the full Report incorporated by reference in the FAC, or judicially noticeable and, in either event, should consider it in ruling on Kroger's Motion.

Dated: September 19, 2025                              DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorney for Defendant
The Kroger Co.*

5
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899