UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>THE KROGER CO.,<br><br>　　　　　　　Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT THE KROGER CO.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:　　　November 3, 2025<br>Time:　　　1:30 p.m.<br>Location:　Courtroom 7A<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed:  June 20, 2025 |

　　　　Having considered defendant The Kroger Co.'s Motion to Dismiss and the papers filed in support and in opposition thereto, the Court hereby **GRANTS** the Motion to Dismiss the First Amended Complaint with prejudice.

　　　　In her First Amended Complaint (FAC), plaintiff Mary Tomassian asserts claims for violation of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*; False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500, *et seq.*; and Consumer Legal Remedies Act (CLRA), Cal. Civ. Proc. Code § 1750, *et*

1

*seq.*, as well as breach of the implied warranty of merchantability and unjust enrichment. Plaintiff contends that Kroger's Basmati Rice is contaminated with trace amounts of naturally occurring heavy metals. Plaintiff, however, has not alleged sufficient facts to state a plausible claim for relief under Federal Rule of Civil Procedure 8(a), nor has she stated her claims with the particularity required by Rule 9(b).

Plaintiff fails to support her conclusory allegations with the necessary facts to plausibly allege that a reasonable consumer would be deceived, as the rice does not omit any information Defendant was obligated to disclose. In particular, Plaintiff does not allege (1) that the product was an unreasonable safety hazard; or (2) (a) that any defect was material; (b) that any defect was central to the product's function; or (c) any of the necessary *LiMandri* factors, including that: (i) Defendant was Plaintiff's fiduciary; (ii) Defendant had exclusive knowledge of material facts not known to Plaintiff; (iii) Defendant actively concealed a material fact from Plaintiff; or (iv) Defendant made misleading partial representations. *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018). In the absence of these allegations, Plaintiff fails to state the false or deceptive omission required for each of her claims. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of CLRA, UCL, FAL, and unjust enrichment claims based on failure to plausibly plead consumer deception); *Lopez v. Mead Johnson Nutrition Co.*, 2025 WL 895213, at *10–11 (N.D. Cal. Mar. 24, 2025) (dismissing breach of implied warranty of merchantability and unjust enrichment claims based on failure to plausibly plead consumer deception). Plaintiff's claims are therefore all dismissed on this basis.

Plaintiff's UCL claim falls with her failure to adequately plead CLRA and FAL claims. This claim also fails on the independent bases that Plaintiff (a) has not adequately alleged a claim under the "unlawful" prong of the UCL for failure to plead violation of any other laws besides the CLRA and FAL, *Cortez v. Handi-Craft Co., Inc.*, 2025 WL 1452561, at *7 (N.D. Cal. Apr. 29, 2025); (b) has not stated a claim for

1  "fraudulent" conduct as Kroger had no duty to disclose, *see id.*; and (c) does not state
2  a claim under the UCL's "unfair" prong because the Complaint does not adequately
3  "tether" to any statute or policy besides the inadequate FAL claim, fails to allege
4  "substantially injurious, immoral, or unethical" behavior because Kroger had no duty
5  to disclose.  See *id.*; *Barton v. Kimberly-Clark Corp.*, 2025 WL 486316, at *13 (S.D.
6  Cal. Feb. 13, 2025); *In re Plum Baby Food Litig.*, 2024 WL 1354447, at *7 (N.D. Cal.
7  Mar. 28, 2024), *aff'd* 2025 WL 1200700 (9th Cir. Apr. 25, 2025).

8       Finally, Ms. Tomassian is not entitled to the relief sought.  Ms. Tomassian does
9  not adequately allege a basis to award punitive damages against a corporate defendant,
10 and also fails to allege her legal remedies are inadequate, thus precluding any
11 equitable relief.  Ms. Tomassian further does not have standing to bring claims on
12 behalf of a nationwide class for violation of California law, as there are material
13 differences between the consumer protection laws of the various states, each of whom
14 has an interest in applying its own laws, and California has only an attenuated interest
15 in applying its own laws to nonresidents here.

16      In addition to her pleading deficiencies, Plaintiff has not demonstrated any basis
17 for amendment.  See *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,
18 1041, 1047 (9th Cir. 2011) ("[A] district court may dismiss without leave where a
19 plaintiff's proposed amendments would fail to cure the pleading deficiencies and
20 amendment would be futile.").  Accordingly, the Court will grant the Motion to
21 Dismiss all of Plaintiff's claims with prejudice.

22      **IT IS THEREFORE ORDERED** that Defendant The Kroger Co.'s Motion to
23 Dismiss First Amended Class Action Complaint is **GRANTED WITH PREJUDICE**
24 and the Clerk shall terminate this case.

25 Dated: _____, 2025

27                                Honorable John F. Walter
28                                United States District Judge