JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MICHAEL S. DRELL (State Bar No. 327127)
  michaeldrell@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**DEFENDANT THE KROGER CO.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:      November 3, 2025<br>Time:      1:30 p.m.<br>Location:  Courtroom 7A<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed: June 20, 2025 |

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................... 6

II. THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE .................. 8

    A. Ms. Tomassian's Fraudulent Omission Theory Fails. .......................... 8

        1. No Unreasonable Safety Hazard.................................................. 8

        2. No Alternative Basis for a Duty to Disclose. ........................... 12

            (a) No Materiality. ............................................................... 13

            (b) No Relevant *LiMandri* Factor. ....................................... 13

    B. Ms. Tomassian's Claims Fail for Additional Reasons. ...................... 14

    C. Ms. Tomassian Is Not Entitled to the Relief Sought. ........................ 16

        1. Ms. Tomassian Cannot Seek Punitive Damages. ..................... 16

        2. Equitable Relief Is Improper. .................................................... 17

        3. The Nationwide Class Claims Should Be Dismissed............... 17

III. CONCLUSION ............................................................................................ 17

2

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barton v. Kimberly-Clark Corporation,*
2025 WL 2345228 (S.D. Cal. Aug. 13, 2025) ................................................................ 12

*Bland v. Sequel Natural Ltd.,*
2019 WL 4674337 (N.D. Cal. Aug. 2, 2019) ........................................................... 11, 12

*Boyd v. SunButter, LLC,*
762 F. Supp. 3d 931 (C.D. Cal. 2025) ........................................................................... 12

*Cortez v. Handi-Craft Co., Inc.,*
2025 WL 1452561 (N.D. Cal. Apr. 29, 2025) ......................................................... 7, 8, 9

*Cosimano v. Valli,*
2023 WL 9318993 (C.D. Cal. Nov. 15, 2023) (Walter, J.) ............................................ 16

*Franckowiak v. Scenario Cockram USA, Inc.,*
2020 WL 9071697 (C.D. Cal. Nov. 30, 2020) (Walter, J.) ............................................ 17

*Grausz v. Hershey Co.,*
713 F. Supp. 3d 818 (S.D. Cal. 2024) ....................................................................... 7, 12

*Hayden v. Bob's Red Mill Nat. Foods, Inc.,*
2024 WL 1643696 (N.D. Cal. Apr. 16, 2024) ........................................................ *passim*

*Hodges v. Apple Inc.,*
2013 WL 4393545 (N.D. Cal. Aug. 12, 2013) ............................................................... 17

*In re Baby Food Products Liability Litigation,*
2025 WL 986959 (N.D. Cal. Apr. 2, 2025) .................................................................... 12

*In re Pac. Mkt. Int'l, LLC Stanley Tumbler Litig.,*
764 F. Supp. 3d 1026 (W.D. Wash. 2025) ..................................................................... 13

*In re Plum Baby Food Litig.,*
2024 WL 1354447 (N.D. Cal. Mar. 28, 2024), *aff'd* 2025 WL 1200700 (9th
Cir. Apr. 25, 2025) ..................................................................................................... 9, 15

*In re Plum Baby Food Litig.,*
2025 WL 1200700 (9th Cir. Apr. 25, 2025) ................................................................... 11

3

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*In re Theos Dark Chocolate Litig.*,
   750 F. Supp. 3d 1069 (N.D. Cal. 2024) .................................................. 7, 9

*Kramer v. Wilson Sporting Goods Co.*,
   2013 WL 12133670 (C.D. Cal. Dec. 13, 2013) (Walter, J.) ............................ 18

*Kroeger v. Vertex Aerospace LLC*,
   2020 WL 3546086 (C.D. Cal. June 20, 2020) (Walter, J.) ............................. 17

*Lassen v. Nissan N. Am., Inc.*,
   211 F. Supp. 3d 1267 (C.D. Cal. 2016) ...................................................... 13

*Lopez v. Mead Johnson Nutrition Co.*,
   2025 WL 895213 (N.D. Cal. Mar. 24, 2025) ........................................ 8, 9, 15

*Mazza v. Am. Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022) ......................................................................................... 18

*Miller v. Philips North America LLC*,
   2025 WL 582160 (N.D. Cal. Feb. 20, 2025) ............................................... 11

*Rodriguez v. Mondelēz Global LLC*,
   703 F. Supp. 3d 1191 (S.D. Cal. 2023) ....................................................... 12

*Route v. Meade*,
   2013 WL 658251 (C.D. Cal. Feb. 21, 2013) ................................................ 18

*Sciortino v. Pepsico, Inc.*,
   108 F. Supp. 3d 780 (N.D. Cal. 2015) ........................................................ 16

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ................................................................. 8, 17

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ..................................................................... 14

*Williams v. Yamaha Motor Co. Ltd*,
   851 F.3d 1015 (9th Cir. 2017) ................................................................... 11

**Statutes**

15 U.S.C. §§ 1–7 ............................................................................................ 16

4

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Cal. Health & Safety Code
   § 25249.6 .................................................................................................................. 16
   § 110105 ................................................................................................................... 16

California Business and Professions Code
   § 17200, *et seq.* ................................................................................................... 8, 15
   § 17500, *et seq* ......................................................................................................... 8

California Civil Code § 1750, *et seq.* ........................................................................ 8

**Rules**

Fed. R. Civ. P. 8(a) ...................................................................................................... 16

Fed. R. Civ. P. 9(b) ...................................................................................................... 16

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 14, 16

**Regulations**

21 C.F.R. §§ 117.130–135 ......................................................................................... 16

5

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## I. INTRODUCTION

Bringing a claim for neither affirmative misrepresentation nor Prop 65 violations, Ms. Tomassian does not even attempt to assert the only viable claims that would exist for a legitimate heavy metals claim. Her Opposition concedes as much.

Ms. Tomassian's Opposition doubles down on her attempt to use this action to invent a new theory from literally no statement at all: a pure omission theory, through which she attempts effectively to compel all rice producers[1] to warn customers about purported trace amounts of naturally occurring heavy metals. But Ms. Tomassian confirms she cannot overcome a necessary and fatal legal hurdle: to plead facts establishing a legal duty to disclose. She does not and cannot show either of two prerequisites for imposing such duty: (1) that the presence of naturally occurring heavy metals in the Rice presents an unreasonable safety hazard; or (2) that the Rice does not fulfill its central function as food.

*First*, ***Ms. Tomassian does not allege that the trace levels of heavy metals claimed to exist in the Rice reach any relevant or measurable standard of harm that triggers a duty to disclose.*** The Opposition merely rehashes the FAC's amalgamation of irrelevant standards applicable "in other food applications," such as those applying only to bottled water and apple juice, Opp'n 7, or those without any purported or actual tie to health impacts. Courts that have considered this issue in similar contexts have rightly rejected imposing disclosure obligations absent plausible allegations of harm or danger to human health *at the levels at issue* in a

---

[1] As explained in the Motion, Ms. Tomassian and her counsel are shopping for a court that will permit their nearly-uniform claims against various rice sellers to proceed. *See Tomassian v. Better Living Brands, LLC*, Case No. 4:25-cv-5175 (N.D. Cal. June 18, 2025) (same plaintiff and counsel); *Scott v. First Street Food LLC*, Case No. 1:25-cv-0732 (E.D. Cal. June 16, 2025) (same counsel); *Scott v. Riviana Foods, Inc.*, Case No. 1:25-cv-0735 (E.D. Cal. June 17, 2025) (same counsel). The exact same claims could apply to all 145 products identified in the Report.

6

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

particular case. *See, e.g.*, *Grausz v. Hershey Co.*, 713 F. Supp. 3d 818, 827–28 (S.D. Cal. 2024) (dismissing for failure "to plead 'whether the trace amounts *at issue here* are actually enough to cause the health effects that Plaintiff . . . reiterates in the [amended complaint].'"). Ms. Tomassian fails to plausibly connect the purported trace levels of heavy metals in the Rice—whether as stated in her cited Report or otherwise—to any threshold of harm or danger to human health.

*Second*, **Ms. Tomassian concedes that the FAC does not plead the required element of 'central[ity] to the product's function**,'" dooming her alternative avenue for stating an "omission" claim. Opp'n 3 n.2 ("Plaintiff concedes that [she] does not plead [] 'central[ity] to the product's function.'"). That ends the inquiry. For good measure, the Opposition also confirms that the FAC fails to adequately plead the remaining elements of the claim, including materiality, through its reliance on non-existent limits and nebulous comparisons, and through its inappropriate disregard of acknowledgements of the fact that the presence of trace amounts of heavy metals in Rice has been public knowledge—and thus was not "actively concealed"—for *decades*. *E.g.* Report at 1, 6, 12, 19.

Ms. Tomassian's Opposition does not rescue the FAC's other inadequate claims and requests for relief. The Opposition does nothing to adequately explain how the Rice is somehow unfit for its ordinary purpose of being consumed—as Ms. Tomassian herself did for years—as necessary to state a merchantability claim. Her "unfair" and "unlawful" UCL claims, based on inapplicable statutes not even cited in the FAC, are lackluster, and she provides no authority for district courts to disagree with and disregard the Ninth Circuit's binding opinion in *Sonner* regarding equitable relief. And Ms. Tomassian does not even address, thus conceding, that her punitive damages claim must be dismissed, and further fails to set forth any reason to allow her nationwide class claims to proceed.

Kroger respectfully requests that the Court dismiss all claims with prejudice.

7

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## II. THE CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

### A. Ms. Tomassian's Fraudulent Omission Theory Fails.

As explained by the Motion, and as Ms. Tomassian agrees, Ms. Tomassian's claims under the UCL, FAL, and CLRA are all based on her core theory that Kroger fraudulently omitted information about heavy metals in the Rice—and therefore rise and fall together based on whether Kroger had a legal duty to disclose. Opp'n 2–3; *see also* Mot. 13 (collecting cases).[2]

Instead, Ms. Tomassian challenges that her claims can be resolved at this stage of litigation, claiming such a determination is "fact intensive" and "normally . . . incapable of resolution on a motion to dismiss." Opp'n 2–3. Ms. Tomassian ignores numerous cases that have held that the failure to allege a legal duty to disclose requires dismissal at the pleading stage. *See, e.g., Lopez v. Mead Johnson Nutrition Co.*, 2025 WL 895213 (N.D. Cal. Mar. 24, 2025) (dismissing UCL, FAL, CLRA, implied warranty, and unjust enrichment claims brought on putative fraudulent omission of heavy metals from infant formula labels); *Hayden v. Bob's Red Mill Nat. Foods, Inc.*, 2024 WL 1643696, at *8 (N.D. Cal. Apr. 16, 2024) (dismissing CLRA, UCL, and implied warranty claims arising from alleged cadmium in flaxseed); *Cortez v. Handi-Craft Co., Inc.*, 2025 WL 1452561, at *5 (N.D. Cal. Apr. 29, 2025) (dismissing UCL, FAL, CLRA, and unjust enrichment claims based on alleged fraudulent omission of microplastics).

#### 1. No Unreasonable Safety Hazard.

Kroger's Motion details that the FAC fails to identify how the purported trace level of heavy metals alleged in the FAC would trigger harm such that Kroger had a legal duty to disclose. Mot. 15–18. The Opposition doubles down on the FAC's feeble attempt to cobble together a claim that the Rice is an unreasonable safety hazard based on standards applicable to products *other* than rice and an unsupported

---

[2] She cursorily disputes that her unjust enrichment and implied warranty claims fall for the same reasons as explained below. Opp'n 3 n.1.

8

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

"comparative" standard. Opp'n 3–9. Ms. Tomassian simply disregards the majority of decisions requiring plaintiffs to allege a specific, *identifiable* connection between the levels of a substance in a product and the levels causing a specific harm, lest the Court be "left to guess" whether the amount alleged is unreasonable. *Cortez*, 2025 WL 1452561, at *5; *In re Theos Dark Chocolate Litig.*, 750 F. Supp. 3d 1069, 1090 (N.D. Cal. 2024); *Lopez*, 2025 WL 895213, at *8; *Hayden*, 2024 WL 1643696, at *8–9; *In re Plum Baby Food Litig.*, 2024 WL 1354447, at *6 (N.D. Cal. Mar. 28, 2024), *aff'd* 2025 WL 1200700 (9th Cir. Apr. 25, 2025).

Ms. Tomassian cannot point to a specific or measurable threshold for heavy metals in rice that is relevant to actual harm. Mot. 10–11. Instead, both the FAC and Opposition rely on limits on products *other than rice*: apple juice and drinking water. Opp'n 4, 7. Ms. Tomassian fails to explain the relevance of those standards to the rice at issue. The identified limits have nothing to do with the Rice and say nothing about whether the Rice is unreasonably unsafe. As courts have ruled, even allegations that a product *exceeds* these types of limits are insufficient because the limits are not specifically connected to health. *See Lopez*, 2025 WL 895213, at *8 ("[A]lthough Plaintiff alleges that the 6.8 ppb cadmium level in one of the seven Infant Formulas is higher than the EPA and FDA's allowable limit of 5 ppm [in drinking and bottled water, not infant formula], Plaintiff has not plausibly alleged that the EPA and FDA's allowable limits 'indicate the thresholds at which [] particular substance[s] pose[] a danger to human health.'" (quoting *Hayden*, 2024 WL 1643696, at *9)).

Ms. Tomassian further fails to controvert that MADLs are *not* indicators of harm demonstrating an "unreasonable" safety hazard. Opp'n 7–8. The Opposition implicitly admits this fact, attempting to claim that *other* harms are relevant by pointing to two studies that identify no *actual limits* on heavy metals in rice. *Id.* at 8. But contrary to Ms. Tomassian's claim that this is "wandering too far into the merits," *id.* at 8, courts routinely and properly require a plaintiff to identify some

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*measurable* threshold of harm at the pleading stage – and MADLs do not suffice. Mot. 17–18 (collecting cases finding no safety hazard and dismissing claims where plaintiff failed to connect MADLs and amounts of challenged substances to threshold for health risk). As another court has observed, even where products allegedly contain cadmium levels in excess of the MADLs,

> the complaint does not explain why the MADL is the right reference point if Plaintiff's concern is healthfulness, as opposed to Proposition 65 compliance. Why should the MADLs for *labeling* purposes be understood as equivalent with a cadmium cut-off for *health* purposes? . . . [T]he Court also cannot assume that there *is* [a connection between the MADLs and a threshold for unhealthy cadmium exposure] absent factual allegations to that effect, especially where Plaintiff's own sources indicate that "[e]xposure at a level *1,000 times greater than the MADL* is expected to have *no observable effect*."

*Hayden*, 2024 WL 1643696, at *8 (internal citations omitted).

Further, the FAC's attempt to rely on a theory of "bioaccumulation," barely addressed by the Opposition, should be rejected for the reasons set forth in the Motion, namely that it is conjectural and impossibly expands the duty to disclose. Mot. 17–18 (collecting cases). Ms. Tomassian similarly fails to provide any authority supporting the proposition that the amount of heavy metals in the products of competitors is *remotely* relevant to whether the amount in the Rice is "unsafe."

"[A] party's allegations of an unreasonable safety hazard must describe more than merely 'conjectural and hypothetical' injuries." *In re Plum Baby Food Litig.*, 2025 WL 1200700, at *1 (9th Cir. Apr. 25, 2025)) (quoting *Williams v. Yamaha Motor Co. Ltd*, 851 F.3d 1015, 1028 (9th Cir. 2017) and affirming dismissal of claims based on unspecific threshold levels and "accumulation" of heavy metals). None of Ms. Tomassian's allegations meet this standard. Like the plaintiffs in the cases she cites, Ms. Tomassian does not plead actual injury, and rather peddles in

10

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

unrealized and abstract possibilities. For example, the court in *Miller v. Philips North America LLC*, 2025 WL 582160 (N.D. Cal. Feb. 20, 2025), incorrectly permitted vague claims regarding "the amount of microplastics *potentially* leached by the Products and the associated harms to infants—a particularly sensitive population" to proceed. *Id.* at *3 (emphasis added). The plaintiffs there failed to even "test the *specific products* at issue in the case," *id.*, let alone allege that the products caused more than "conjectural and hypothetical" injuries to any specific infant. *In re Plum*, 2025 WL 1200700, at *1; *accord Williams*, 851 F.3d at 1028–29 ("the SAC lacks any allegations indicating that any customer, much less any plaintiff, experienced such a fire—a notable omission if the alleged unreasonable safety hazard arises in *all* Yamaha outboard motors sooner or later."). So too with the other cases she cites in the Opposition:

- In *Bland v. Sequel Natural Ltd.*, 2019 WL 4674337, at *5 (N.D. Cal. Aug. 2, 2019), targeting protein powders and shakes, the court provided only the most cursory analysis, and no authority, permitting the plaintiff's claims to proceed, despite the glaring disconnect between the purported levels of heavy metals in the products and actual harm;

- The court in *Rodriguez v. Mondelēz Global LLC*, 703 F. Supp. 3d 1191, 1205 (S.D. Cal. 2023) (citing *Bland*, 2019 WL 467337, at *4), relied on *Bland*'s complete dearth of reasoning and provided no further explanation to justify its refusal to engage with the "unsafe level" (and not "unreasonable safety hazard") alleged concerning heavy metals in dark chocolate bars;

- The cited portion of *Boyd v. SunButter, LLC*, 762 F. Supp. 3d 931, 949 (C.D. Cal. 2025), dealing with the implied warranty of merchantability, fails to actually address standards for an unreasonable safety hazard in sunflower seed butter, apparently assuming adequacy of the pleadings,

11

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

and, much like Ms. Tomassian, provides no authority to support its conclusion that "the amount contained in the products of Defendant's competitors" is remotely relevant to such a determination; and

- The court in *Barton v. Kimberly-Clark Corporation*, 2025 WL 2345228, at *7 (S.D. Cal. Aug. 13, 2025), regarding tampons, simply declined—without explanation—to "require[] Plaintiffs to allege a particular level" of "heavy metals in products," despite acknowledging the weight of authority correctly so requiring.

The *only* exception among Ms. Tomassian's cited authority is easily distinguishable because the plaintiffs *did* plead physical injury: in *In re Baby Food Products Liability Litigation*, 2025 WL 986959, at *15 (N.D. Cal. Apr. 2, 2025) (citing *Grausz*, 713 F. Supp. 3d at 828), the plaintiffs *in fact* "allege[d] concrete injuries . . . they developed from consuming Defendants' baby food" – and the court there *specifically noted* that this difference set that case apart from others "where the plaintiffs failed to plead the amounts in the [product at issue] could actually cause negative health effects." *Id.* Ms. Tomassian does not allege any physical injury resulting from her years of consuming the Rice.

### 2. No Alternative Basis for a Duty to Disclose.

As the Motion pointed out, Mot. 19–20, the Opposition "concedes that [Ms. Tomassian] does not plead the 'central[ity] to the product's function.'" Opp'n 3 n.2. This failure entirely forecloses claims that Kroger had an obligation to disclose any information under the second test, as all three prongs must be established. *See, e.g., Hayden*, 2024 WL 1643696, at *10 ("failure to satisfy the 'central function' prong resolves the question of whether Defendant has a duty to disclose"). Although this basis for a legal duty to disclose fails for that reason alone, the Opposition also confirms the FAC's inadequate pleading of both materiality and the relevant *LiMandri* factors.

12

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**(a)   No Materiality.**

As explained by Kroger's Motion, a "defect" must be a safety concern to be material. *See* Mot. 18–19 (citing *Lassen v. Nissan N. Am., Inc.*, 211 F. Supp. 3d 1267, 1285 (C.D. Cal. 2016)). The FAC does not adequately plead that the Rice is a safety hazard because the FAC does not connect the alleged levels of heavy metals in the Rice to any threshold for actual harm, and the purported "omission" therefore cannot be material. *See In re Pac. Mkt. Int'l, LLC Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1037, 1039 (W.D. Wash. 2025) ("Plaintiffs have not sufficiently alleged that the omission was material, as they have not shown sufficient harm from the specific amount of lead in the [products] . . . [without such allegations,] 'the apparent need for disclosure is a moot proposition,'" as "the mere presence of lead could not be material to a reasonable consumer." (citations omitted)). The Opposition provides *no* authority to the contrary, nor does it provide a single citation to support its claim that materiality can somehow be determined by reference to other rice products.

**(b)   No Relevant *LiMandri* Factor.**

Kroger noted, Mot. 21, and Ms. Tomassian confirms, Opp'n 9 n.4, that she does not attempt to allege the *LiMandri* factors of fiduciary duty or partial representation, leaving only exclusive knowledge and active concealment at issue. The FAC does not plead either adequately.

*Exclusive Knowledge:* The Motion details, Mot. 21–22, and the Opposition entirely ignores, the Report's acknowledgements that the presence of trace amounts in heavy metals in rice has been well-known and publicly-available for *decades*, confirming that the information is not "limited" or "generalized." *Compare* Opp'n 12 (citations omitted) *with* Report at 1, 6, 12, 19. The Opposition's arguments stand in *direct contrast to authority specifically holding that the public availability of testing undermines the "exclusive knowledge" factor.* *See* Mot. 21–22 (collecting cases ruling that publicly accessible sources, *including the testing itself*, defeat

13

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  "exclusive knowledge"). The Opposition fails to address these on-point cases. Ms.
2  Tomassian attempts to wave off the deficiencies in her pleadings by claiming the
3  levels in the Rice are higher than those of competitors, but neglects to provide
4  authority supporting that such a comparison is permissible or shows exclusive
5  knowledge (nor does she allege that Kroger tests its competitors' products such that
6  Kroger would have "exclusive knowledge" of comparative levels).

7  *Active Concealment:* Ms. Tomassian's claim of "active concealment of a
8  material fact" fares no better. As set forth above and in the Motion, the FAC does
9  not plead materiality of the supposed heavy metal contents of the Rice, as Ms.
10 Tomassian sets forth no applicable standard for determining at what point heavy
11 metals endanger health. Mot. 15–19. The Motion also notes that MADLs are not
12 directly connected to health and therefore cannot demonstrate materiality. *Id.* at 17
13 (collecting cases holding MADLs inadequate to show health hazard). Further, the
14 FAC's conclusory allegations regarding federal statutes do not identify a supposed
15 violation of these statutes, much less explain or provide authority regarding their
16 relevance or applicability. See *Lopez*, 2025 WL 895213, at *9 ("Plaintiff's
17 allegation that Defendants 'actively conceal[ed] a material fact from [] [Plaintiff]' is
18 entirely conclusory.").

19 **B.    Ms. Tomassian's Claims Fail for Additional Reasons.**

20 **No Unjust Enrichment Claim:** Kroger previously explained that Ms.
21 Tomassian's unjust enrichment claim falls with her theory of fraudulent omission
22 and failure to plead inadequate legal remedies. Mot. 13, 23. The Opposition
23 provides no substantive argument in response. Opp'n 3 n.1.

24 **No Implied Warranty Claim:** As set forth in the Motion, Ms. Tomassian's
25 failure to adequately plead that the Rice is unreasonably unsafe also defeats her
26 implied warranty claim, Mot. 13; she does not plead *any* physical injury after
27 consuming the Rice for *years*. Cf. *In re Plum*, 2024 WL 1354447, at *6 ("[T]he
28 Baby Food continues to function as food if it contains the[ alleged] contaminants.").

14

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

Her cited authority does not counsel otherwise: her only in-circuit citation is irrelevant given her safe consumption of the Rice *for years*, her Pennsylvania case deals with drug manufacturing, not food, and her New York case does not properly conform to Ninth Circuit law, as with her other cited cases. Opp'n 15–16.

**No UCL Claim:** Ms. Tomassian's UCL claim also fails because the FAC does not allege fraudulent, unfair, or unlawful conduct.

*"Fraud"*: Ms. Tomassian's "fraudulent" UCL claim falls with her defective fraudulent omission claim. Mot. 23–24. The Opposition agrees. Opp'n 14 ("Plaintiff would agree that the fraudulent prong rises and falls with the duty to disclose"). As set forth above, Ms. Tomassian's fraudulent UCL claim thus fails.

*"Unlawful" or "Unfair"*: The Opposition argues that Ms. Tomassian states claims under the UCL's "unlawful" and "unfair" prongs by pleading violations of a grab-bag of federal and state regulations. Opp'n 14–15. However, the FAC does not allege a violation of the statutes it cites, never explains the relevance of these statutes, and never explains how they purportedly apply to the Rice, including whether they actually regulate heavy metals – and Kroger certainly does not "concede" that the cited regulations apply. Opp'n 13 n.5. While the FAC recites that "Defendant has an obligation to control and test for known or reasonably foreseeable hazards, such as natural toxins," FAC ¶ 31 n.8 (citing 21 C.F.R. §§ 117.130–135), the FAC does *not* claim that Kroger does not test its products, or even allege that Kroger does not "control" "natural toxins" (or to what level they must be controlled). Indeed, the FAC does not include a *single factual allegation to support that these statutes apply to heavy metals in rice*. The FAC appears to simply assume and infer that the presence of trace amounts of naturally-occurring heavy metals in the Rice means that some federal statute was violated, but fails to provide any factual support as required by Rules 8(a) and 9(b). The Opposition also cites no authority relevant to its argument that these statutes are violated.

15

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

The Opposition introduces Cal. Health & Safety Code § 25249.6 (Prop. 65) and the "Sherman Act," Cal. Health & Safety Code § 110105. Opp'n 14. As noted in the Motion, Mot. 17–18, and above, Prop. 65's MADLs have no bearing on whether a product is harmful, and further, Ms. Tomassian does not bring a Prop. 65 claim, Mot. 11 n.3, and "'cannot evade the requirement of pre-suit 60 day notice in Proposition 65 by repleading [her] cause of action' as a violation of a consumer protection statute." *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 792–93 (N.D. Cal. 2015) (citations omitted). Additionally, *neither* of these statutes is actually cited in the FAC, and accordingly, to the extent they even apply, they have no bearing on the inadequacies of the FAC. See *Cosimano v. Valli*, 2023 WL 9318993, at *2 (C.D. Cal. Nov. 15, 2023) (Walter, J.) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" (citation omitted)). The FAC's singular, generalized, and unexplained citation to the Sherman Act's introductory title is also unavailing because, as the Motion notes (and Ms. Tomassian did not contest), failure to identify a specific section of the statute supposedly violated dooms her UCL claim. Mot. 23 (citation omitted); *see also Hodges v. Apple Inc.*, 2013 WL 4393545, at *6 (N.D. Cal. Aug. 12, 2013) ("a plaintiff 'must identify the particular section of the statute that was violated' and 'plead with particularity how the facts of this case pertain to that specific statute.'" (citation omitted)).

### C. Ms. Tomassian Is Not Entitled to the Relief Sought.

#### 1. Ms. Tomassian Cannot Seek Punitive Damages.

As an initial matter, the Opposition does not address the Motion's argument regarding the impropriety of the FAC's prayer for punitive damages. Ms. Tomassian thus concedes dismissal of the prayer for punitive damages. *See, e.g., Kroeger v. Vertex Aerospace LLC*, 2020 WL 3546086, at *8 (C.D. Cal. June 20,
16
KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

2020) (Walter, J.) (collecting cases holding that "failure to respond in an opposition brief" constitutes waiver or abandonment).

### 2. Equitable Relief Is Improper.

As the Motion explained, Ms. Tomassian does not allege that she lacks an adequate remedy at law, and her claims for equitable relief must be dismissed. Mot. 25–26. The Opposition cites no actual controlling authority countervailing the Ninth Circuit's opinion in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), instead collecting a number of cases that simply disregard the Ninth Circuit's holding in *Sonner*. Opp'n 17–18. Ms. Tomassian does not dispute the adequacy of her remedies at law, and *Sonner* forecloses her ability to plead equitable relief in the alternative. *See Franckowiak v. Scenario Cockram USA, Inc.*, 2020 WL 9071697, at *3 (C.D. Cal. Nov. 30, 2020) (Walter, J.) (*Sonner* requires pleading no adequate remedy at law and precludes pleading in the alternative).

### 3. The Nationwide Class Claims Should Be Dismissed.

Finally, Ms. Tomassian does not contest the Motion's argument that class allegations may properly be stricken when "the matter is sufficiently obvious from the pleadings." *Kramer v. Wilson Sporting Goods Co.*, 2013 WL 12133670, at *4 (C.D. Cal. Dec. 13, 2013) (Walter, J.). Nor does she dispute that variations in state law are an insurmountable hurdle for "nationwide" consumer-fraud claims. *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589–94 (9th Cir. 2012), *overruled on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). She only argues, without binding authority, that it would be "premature" to dismiss the nationwide class claims – without any explanation of why dismissal would be premature and without addressing that the Ninth Circuit held otherwise. *See Mazza,* 666 F.3d at 591–92, 598; *see also* Mot. 26–27 (citing authority dismissing nationwide class claims at motion to dismiss stage).

### III. CONCLUSION

The Court should grant this Motion to Dismiss with prejudice.

17

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 1 | Dated: October 24, 2025 | DAVIS WRIGHT TREMAINE LLP |
| 2 | | By: /s/ Jacob M. Harper |
| 3 | | Jacob M. Harper |
| 4 | | *Attorney for Defendant* |
| 5 | | *The Kroger Co.* |

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

# **CERTIFICATION**

The undersigned counsel of record for The Kroger Co. certifies that this brief complies with the 12-page limit set forth in the Court's Standing Order dated June 26, 2025.

Dated: October 24, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
    Jacob M. Harper

*Attorney for Defendant*
*The Kroger Co.*

19

KROGER'S REPLY IN SUPPORT OF MOTION TO DISMISS
FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899