**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 25-5608-JFW(PVCx)** | Date:  October 29, 2025 |

Title: Mary Tomassian -v- The Kroger Co.

---

**PRESENT: HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

Shannon Reilly    None Present
Courtroom Deputy    Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
None    None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING DEFENDANT THE KROGER CO.'S MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT [filed 9/19/2025; Docket No. 22];**

     On September 19, 2025, Defendant The Kroger Co. ("Defendant") filed a Motion to Dismiss First Amended Class Action Complaint.  On October 10, 2025, Plaintiff Mary Tomassian ("Plaintiff") filed her Opposition.  On October 24, 2025, Defendant filed an untimely Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 3, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

     In addition, Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong."  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  In order to provide this required notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent

activity." *Id*. at 672.  Further, "a pleader must identify the individual who made the alleged representation and the content of the alleged representation." *Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999).

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.  *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

The Court finds that the issues raised by Defendant are more appropriately resolved on a motion for summary judgment and/or motion for class certification.  *See, e.g., Miller v. Philips N. Am. LLC,* No. 24-CV-03781-RFL, 2025 WL 582160, at *3 (N.D. Cal. Feb. 20, 2025) ("At this stage, Plaintiffs are not required to allege the specific level at which microplastics pose a danger to the sensitive population. Rather, it is sufficient to allege a plausible connection between the harms to infants and the significant bioaccumulation of microplastics at the high levels described above."); *Barton v. Kimberly-Clark Corp.*, No. 3:24-CV-01337-GPC-KSC, 2025 WL 2345228, at *7 (S.D. Cal. Aug. 13, 2025) ("The Court acknowledges that some courts have required Plaintiffs to allege a particular level of lead that is associated with harm to support a misrepresentation claim involving heavy metals in product. . . . The Court finds that this would veer too close to a question of fact that would be inappropriate to require at this procedural stage."); *In re Baby Food Prods. Liab. Litig.*, No. 24-MD-03101-JSC, 2025 WL 986959, at *16 (N.D. Cal. Apr. 2, 2025) ("In sum, there is no ironclad rule that Plaintiffs must allege the threshold dose of a toxic substance to advance their claims, and the Court will not require as much here."); *Bland v. Sequel Nat. Ltd.*, No. 18-CV-04767-RS, 2019 WL 4674337, at *4 (N.D. Cal. Aug. 2, 2019) ("The question whether Defendant's products actually pose a risk to health is ultimately a question of fact that cannot be decided at this stage."); *Sultanis v. Champion Petfoods USA Inc.*, No. 21-CV-162-EMC, 2021 WL 3373934, at *6 (N.D. Cal. Aug. 3, 2021) (holding whether a plaintiff can bring claims on behalf of unnamed plaintiffs under the laws of states in which the named plaintiff does not reside or was injured is a matter of typicality, adequacy, and predominance under Rule 23);  *Won Kyung Hwang v. Ohso Clean, Inc.*, No. C-12-06355 JCS, 2013 WL 1632697, at *21 (N.D. Cal. Apr. 16, 2013) (concluding that choice-of-law inquiry as to non-California residents "is most appropriate at the class certification stage of the case, after the parties have engaged in discovery.").

Accordingly, Defendant's Motion to Dismiss First Amended Class Action Complaint is **DENIED**.

IT IS SO ORDERED.