JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MICHAEL S. DRELL (State Bar No. 327127)
  michaeldrell@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**DEFENDANT THE KROGER CO.'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed: June 20, 2025 |

Defendant The Kroger Co. (Kroger) hereby answers the corresponding numbered paragraphs of the First Amended Class Action Complaint (FAC) filed by Plaintiff Mary Tomassian as follows:

**INTRODUCTION**

1.      Kroger admits Ms. Tomassian purports to bring a claim for recklessly or intentionally failing to disclose the presence of naturally-occurring trace amounts of arsenic and cadmium (Heavy Metals) in a product referred to as Kroger Basmati Rice (Rice).  Except as expressly admitted, Kroger denies the allegations in paragraph 1.

2.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger admits Ms. Tomassian purports to represent a class and to enjoin conduct alleged in the FAC, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought.  Except as expressly admitted, Kroger denies the allegations in paragraph 2.

3.      Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

**NATURE OF THE ACTION**

4.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies them.

5.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies them.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

6.    Kroger admits that rice products have been sold at stores under the Kroger banner in the United States.  Except as expressly admitted, Kroger denies the allegations in paragraph 6.

7.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 7.

8.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies them.

9.    Paragraph 9 purports to characterize a publication.  Rather than respond to Ms. Tomassian's characterization of the publication, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that this publication is relevant to this action.  This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 9.

10.    Paragraph 10 purports to characterize a publication.  Rather than respond to Ms. Tomassian's characterization of the publication, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that this publication is relevant to this action.  This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies them.

11.    Paragraph 11 purports to characterize a publication.  Rather than respond to Ms. Tomassian's characterization of the publication, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that this publication is relevant to this action.  This paragraph contains legal conclusions to which no

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 11.

12.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 12.

13.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and therefore denies them.

14.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 14.

15.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 15.

16.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 16.

17.    Kroger admits Ms. Tomassian purports to represent a class, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought.  Except as expressly admitted, Kroger denies the allegations in paragraph 17.

## JURISDICTION AND VENUE

18.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger admits that the facts alleged in the FAC satisfy the jurisdictional requirements of 28 U.S.C. § 1332(d)(2)(A).  Except as expressly admitted, Kroger denies the allegations in paragraph 18.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

19.    This paragraph contains legal conclusion to which no response is required.  To the extent a response is required, Kroger did not dispute the Court's personal jurisdiction over Kroger for the purposes of this lawsuit.  Except as expressly admitted, Kroger denies the allegations in paragraph 19.

20.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger did not dispute that venue is proper in this judicial district as to Kroger for the purposes of this lawsuit.  Except as expressly admitted, Kroger denies the allegations in paragraph 20.

## PARTIES

**Plaintiff Tomassian**

21.    Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies them.

22.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies them.

23.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 23.

**Defendant Kroger**

24.    Kroger admits that it has a principal address at 1014 Vine Street, Cincinnati, Ohio.  Kroger admits that rice products have been sold at stores under the Kroger banner in the United States.  Except as expressly admitted, Kroger denies the allegations in paragraph 24.

25.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger admits that rice products have been sold at stores under the Kroger banner in the United States.  Except as expressly admitted, Kroger denies the allegations in paragraph 25.

5

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

26.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger admits that rice products have been sold at stores under the Kroger banner in the United States.  Except as expressly admitted, Kroger denies the allegations in paragraph 26.

27.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies them.

## FACTUAL ALLEGATIONS

28.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 28.

29.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 29.

30.    Paragraph 30 and its footnotes purport to characterize various publications.  Rather than respond to Ms. Tomassian's characterization of the publications, Kroger refers to the complete texts, which speak for themselves. Kroger denies the allegations in paragraph 30 and its footnotes to the extent they are not contained in or are inconsistent with the texts of the publications.  Kroger does not admit that the publications are relevant to this action.  This paragraph and its footnotes contain legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 30 and its footnotes.

31.    Paragraph 31's footnote purports to cite 21 C.F.R. §§ 117.130–35. Rather than respond to Ms. Tomassian's characterization of the regulations, Kroger refers to the complete texts, which speak for themselves.  Kroger does not admit that the regulations are relevant to this action.  This paragraph and its footnote

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

contain legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 31 and its footnote.

32.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 32.

33.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 33.

34.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 34.

35.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 35.

36.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 36.

37.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 37.

38.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 38.

## I.     Defendant Omits Any Mention of Heavy Metals on Its Packaging

39.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Kroger admits that rice products have been sold at stores under the Kroger banner in the United States.  Except as expressly admitted, Kroger denies the allegations in paragraph 39.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

40.    Kroger admits the allegations in paragraph 40.

41.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 41.

42.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 42.

43.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 43.

44.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 44.

## II.    Due to the Presence and/or Material Risk of the Presence of Heavy Metals in the Product, the Omissions are Misleading

### A.    Heavy Metals

45.    Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore denies them.

46.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies them.

47.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 47.

48.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 48.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

49.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 49.

50.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 50.

51.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 51.

52.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 52.

53.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 53.

54.     Paragraph 54 purports to characterize a U.S. House of Representatives report (the House Report).  Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the report is relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies them.

55.     Paragraph 55 purports to characterize a U.S. Food & Drug Administration (FDA) report.  Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the report is relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies them.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

56.    Paragraph 56 purports to characterize a Consumer Reports publication. Rather than respond to Ms. Tomassian's characterization of the publication, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the publication is relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore denies them.

57.    Paragraph 57 purports to characterize an FDA report and to cite 21 C.F.R. § 172.  Rather than respond to Ms. Tomassian's characterization of the report and regulation, Kroger refers to the complete texts, which speak for themselves.  Kroger does not admit that the report or regulation is relevant to this action.  This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 57.

58.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 58.

**B.    Arsenic**

59.    Paragraph 59 purports to characterize the House Report and another report.  Rather than respond to Ms. Tomassian's characterization of the reports, Kroger refers to the complete texts, which speak for themselves.  Kroger does not admit that the reports are relevant to this action.  This paragraph contains legal conclusions to which no response is required.  Except as expressly stated, Kroger denies the allegations in paragraph 59.

60.    Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore denies them.

61.    Paragraph 61 purports to quote a letter to the FDA.  Rather than respond to Ms. Tomassian's characterization of the letter, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the letter is

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore denies them.

62.     Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 and therefore denies them.

63.     Paragraph 63 purports to characterize a publication and a report. Rather than respond to Ms. Tomassian's characterization of the publication and report, Kroger refers to the complete texts, which speak for themselves.  Kroger does not admit that the publication or the report is relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and therefore denies them.

**C.    Cadmium**

64.     Paragraph 64 purports to characterize a Centers for Disease Control and Prevention report.  Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the report is relevant to this action.  This paragraph contains legal conclusions to which no response is required.  Except as expressly stated, Kroger denies the allegations in paragraph 64.

65.     Paragraph 65 purports to quote and characterize a report.  Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the report is relevant to this action.  Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore denies them.

66.     Paragraph 66 purports to characterize a Centers for Disease Control and Prevention (CDC) report.  Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself.  Kroger does not admit that the report is relevant to this action.  Except as

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66 and therefore denies them.

67.    Paragraph 67 purports to characterize a report. Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself. Kroger does not admit that the report is relevant to this action. Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 and therefore denies them.

68.    Paragraph 68 purports to quote a publication. Rather than respond to Ms. Tomassian's characterization of the publication, Kroger refers to the complete text, which speaks for itself. Kroger does not admit that the publication is relevant to this action. Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and therefore denies them.

69.    Paragraph 69 purports to quote and characterize a publication and a CDC report. Rather than respond to Ms. Tomassian's characterization of the publication and the report, Kroger refers to the complete texts, which speak for themselves. Kroger does not admit that the report or publication is relevant to this action. Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and therefore denies them.

70.    Paragraph 70 purports to characterize a report. Rather than respond to Ms. Tomassian's characterization of the report, Kroger refers to the complete text, which speaks for itself. Kroger does not admit that the report is relevant to this action. Except as expressly stated, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 and therefore denies them.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## III.    The Material Omissions Misled and Deceived Reasonable Consumers

71.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 71.

72.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 72.

73.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 73.

74.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 74.

75.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 75.

76.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 76.

77.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 77.

78.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 78.

79.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 79.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

80.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 80.

81.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 81.

82.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 82.

83.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 83.

84.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 84.

85.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 85.

86.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 86.

87.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 87.

88.      This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 88.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

89.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 89.

90.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 90.

91.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 91.

92.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 92.

**IV.    Defendant's Omissions Violate California and Other Similar State Laws**

93.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 93.

94.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 94.

**V.    Plaintiff's Reliance Was Reasonable and Foreseeable by Defendant**

95.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 95.

96.     This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 96.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## VI. Defendant's Knowledge and Notice of Its Breach of Implied Warranties

97.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 97.

98.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 98.

## VII. Privity Exists with Plaintiff and the Proposed Class

99.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 99.

100.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 100.

101.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 101.

102.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 102.

## CLASS ACTION ALLEGATIONS

103.   Kroger admits Ms. Tomassian purports to represent a class and subclass, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to represent a class or any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 103.

104.   Kroger denies that the proposed class or any class action is proper. Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104 and therefore denies them.

16

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

105.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 105.

106.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 106.

107.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 107.

108.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 108.

109.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 109.

110.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110 and therefore denies them.

111.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 111.

112.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 112.

113.    This paragraph contains legal conclusions to which no response is required. To the extent further response is required, Kroger denies the allegations in paragraph 113.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## COUNT I

**Violations of The California Unfair Competition Law, California Business & Professions Code §§17200, *et seq*., Against Defendant on Behalf of the Class, or Alternatively, the California Subclass**

114.   Kroger re-alleges and incorporates by reference its responses as set forth herein.

115.   Kroger admits Ms. Tomassian purports to represent a class and subclass, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to represent a class or any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 115.

116.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Business & Professions Code § 17200, which speaks for itself.  Kroger denies the allegations in paragraph 116 to the extent they mischaracterize California Business & Professions Code § 17200 or take California Business & Professions Code § 17200 out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 116.

117.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Business & Professions Code § 17201, which speaks for itself.  Kroger denies the allegations in paragraph 116 to the extent they mischaracterize California Business & Professions Code § 17201 or take California Business & Professions Code § 17201 out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 117.

18

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**Fraudulent**

118.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 118.

**Unlawful**

119.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 119.

**Unfair**

120.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 120.

121.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 121.

122.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 122.

123.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 123.

124.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 124.

125.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 125.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

126.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek injunctive relief, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 126.

127.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek injunctive relief, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 127.

128.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek equitable relief, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 128.

## COUNT II
**Violations of California's False Advertising Law, California Business & Professions Code §§17500, *et seq*., Against Defendant on Behalf of the Class, or Alternatively, the California Subclass**

129.   Kroger re-alleges and incorporates by reference its responses as set forth herein.

130.   Kroger admits Ms. Tomassian purports to represent a class and subclass, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to represent a class or any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 130.

131.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Business & Professions Code § 17500, which speaks for itself.  Kroger denies the allegations in paragraph

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

131 to the extent they mischaracterize California Business & Professions Code § 17500 or take California Business & Professions Code § 17500 out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 131.

132.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 132.

133.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 133.

134.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 134.

135.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 135.

136.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek injunctive relief, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought.  Except as expressly admitted, Kroger denies the allegations in paragraph 136.

137.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek injunctive and equitable relief, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought.  Except as expressly admitted, Kroger denies the allegations in paragraph 137.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## <u>COUNT III</u>

**Violations of California's Consumers Legal Remedies Act, California Civil Code §§1750, *et seq*., Against Defendant on Behalf of the Class, or Alternatively, the California Subclass**

138.    Kroger re-alleges and incorporates by reference its responses as set forth herein.

139.    Kroger admits Ms. Tomassian purports to represent a class and subclass, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to represent a class or any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 139.

140.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Civil Code § 1761(d), which speaks for itself.  Kroger denies the allegations in paragraph 140 to the extent they mischaracterize California Civil Code § 1761(d) or take California Civil Code § 1761(d) out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 140.

141.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Civil Code § 1761(a), which speaks for itself.  Kroger denies the allegations in paragraph 141 to the extent they mischaracterize California Civil Code § 1761(a) or take California Civil Code § 1761(a) out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 141.

142.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Civil Code § 1761(c), which speaks for itself.  Kroger denies the allegations in paragraph 142 to the extent they mischaracterize California Civil Code § 1761(c) or take California Civil Code

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

§ 1761(c) out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 142.

143.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits that Ms. Tomassian purports to quote and characterize California Civil Code § 1761(c), which speaks for itself.  Kroger denies the allegations in paragraph 143 to the extent they mischaracterize California Civil Code § 1761(c) or take California Civil Code § 1761(c) out of context.  To the extent further response is required, Kroger denies the allegations in paragraph 143.

144.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 144.

145.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 145.

146.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 146.

147.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 147.

148.    Kroger admits that Ms. Tomassian sent Kroger a demand letter after she filed her Complaint.  Except as otherwise admitted, Kroger denies the allegations in paragraph 148.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## COUNT IV

**Breach of Implied Warranty of Merchantability Against Defendant on Behalf
of the Class, or Alternatively, the State Subclass**

149.    Kroger re-alleges and incorporates by reference its responses as set
forth herein.

150.    Kroger admits Ms. Tomassian purports to represent a class and
subclass, but denies that it has violated any alleged statutory or common law duty or
that Ms. Tomassian is entitled to represent a class or any of the relief sought.
Except as expressly admitted, Kroger denies the allegations in paragraph 150.

151.    Kroger admits that it is engaged in the sale of goods.  Except as
otherwise admitted, Kroger denies the allegations in paragraph 151.

152.    This paragraph contains legal conclusions to which no response is
required.  To the extent a response is required, Kroger lacks knowledge or
information sufficient to form a belief about the truth of the allegations in paragraph
152 and therefore denies them.

153.    This paragraph contains legal conclusions to which no response is
required.  To the extent further response is required, Kroger denies the allegations
in paragraph 153.

154.    This paragraph contains legal conclusions to which no response is
required.  To the extent further response is required, Kroger denies the allegations
in paragraph 154.

155.    This paragraph contains legal conclusions to which no response is
required.  To the extent further response is required, Kroger denies the allegations
in paragraph 155.

156.    This paragraph contains legal conclusions to which no response is
required.  To the extent further response is required, Kroger denies the allegations
in paragraph 156.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

157.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 157.

158.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 158.

159.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 159.

160.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 160.

161.    This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek actual damages, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 161.

## <u>COUNT V</u>
### **Unjust Enrichment Against Defendant on Behalf of the Class, or Alternatively, the State Subclass**

162.    Kroger re-alleges and incorporates by reference its responses as set forth herein.

163.    Kroger admits Ms. Tomassian purports to represent a class and subclass, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to represent a class or any of the relief sought. Except as expressly admitted, Kroger denies the allegations in paragraph 163.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

164.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 164.

165.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 165.

166.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 166.

167.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 167.

168.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger denies the allegations in paragraph 168.

169.   This paragraph contains legal conclusions to which no response is required.  To the extent further response is required, Kroger admits Ms. Tomassian purports to seek actual damages, injunctive and declaratory relief, attorneys' fees, and costs, but denies that it has violated any alleged statutory or common law duty or that Ms. Tomassian is entitled to any of the relief sought.  Except as expressly admitted, Kroger denies the allegations in paragraph 169.

## PRAYER FOR RELIEF AND JURY DEMAND

The remainder of the FAC is a prayer for relief and jury demand to which no response is required.  To the extent a response is required, Kroger denies that Ms. Tomassian is entitled to any of the relief sought.  Kroger requests that this Court enter an order dismissing Ms. Tomassian's claim with prejudice, awarding costs of suit and attorneys' fees to Kroger, and granting Kroger such other and further relief as the Court deems just and proper.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense or that any of the following is not already at issue by virtue of the foregoing responses to Ms. Tomassian's allegations, Kroger hereby asserts the following defenses.  Kroger reserves the right to amend or supplement its affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
### (No Omission / Duty to Disclose)

Ms. Tomassian's claims fail, in whole or in part, because Ms. Tomassian cannot identify any actionable omission by Kroger regarding the Kroger Basmati Rice product that Kroger had a duty to disclose.

## SECOND AFFIRMATIVE DEFENSE
### (Conduct Not Fraudulent Nor Likely to Deceive a Reasonable Consumer)

Ms. Tomassian's claims are barred, in whole or in part, because Kroger's alleged omissions were not likely to mislead or deceive a reasonable consumer.

## THIRD AFFIRMATIVE DEFENSE
### (Preemption)

Ms. Tomassian's claims are barred, in whole or in part, by the doctrine of preemption.

## FOURTH AFFIRMATIVE DEFENSE
### (Standing)

Ms. Tomassian's claims fail, in whole or in part, because Ms. Tomassian lacks standing to pursue her claims, including but not limited to those claims for "injunctive relief."

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## FIFTH AFFIRMATIVE DEFENSE

### (Conformance with Laws)

Ms. Tomassian's claims fail, in whole or in part, because Kroger conformed to all applicable laws, regulations, and industry standards based upon the state of knowledge existing at the time of the alleged actions on its part.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Ms. Tomassian's claims fail, in whole or in part, because the acts or omissions of Kroger at all relevant times were in good faith, in the exercise of its reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Ms. Tomassian's claims are barred, in whole or in part, because Ms. Tomassian has incurred no damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Ms. Tomassian's claims are barred, in whole or in part, because Ms. Tomassian would be unjustly enriched if permitted to recover on the FAC.

## NINTH AFFIRMATIVE DEFENSE

### (Economic Loss Doctrine)

Ms. Tomassian's claims are barred, in whole or in part, based on the economic loss doctrine.

## TENTH AFFIRMATIVE DEFENSE

### (Benefit of Bargain)

Ms. Tomassian's claims for monetary relief are barred because Ms. Tomassian has already received the benefit of her bargain and neither law nor equity may be invoked to obtain a windfall.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## ELEVENTH AFFIRMATIVE DEFENSE

### (Third Parties)

Ms. Tomassian's purported harm was caused by third parties and factors outside the control of Kroger for which Kroger is not responsible.

## TWELFTH AFFIRMATIVE DEFENSE

### (Contribution)

Third parties owe contribution for those damages Ms. Tomassian alleges to have suffered.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Indemnification)

Third parties are responsible to tender the defense on Ms. Tomassian's claims, counts, and causes of action set forth in the FAC.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

Ms. Tomassian's claims are barred, in whole or in part, by the doctrine of laches based on the prejudicial delay in asserting her claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Ms. Tomassian's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Waiver/Consent/Release)

Ms. Tomassian's claims are barred, in whole or in part, by waiver, consent, and/or release.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Ms. Tomassian's claims are barred, in whole or in part, by the doctrine of estoppel.

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

Ms. Tomassian's and the putative class members' claims fail, in whole or in part, because they are barred by the safe harbor doctrine, due to Kroger's compliance with state and federal law authorizing the complained of conduct or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Ms. Tomassian's and the putative class members' claims are barred by the applicable statutes of limitations, including under Cal. Civ. Proc. Code § 338(a), Cal. Bus. & Prof. Code § 17208, and Cal. Civ. Code § 1783.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Individual Arbitration Agreement)

Discovery may reveal that Ms. Tomassian and/or putative class members entered into an arbitration agreement with Kroger, under which Ms. Tomassian and/or putative class members agreed that individual arbitration is the exclusive forum for her claims.  Such agreement therefore would preclude Ms. Tomassian and/or putative class members from bringing any claims on behalf of a class and would deprive this Court of jurisdiction to resolve the claims, as only an arbitrator has jurisdiction to resolve the claims (and the arbitrability of the claims) and on an individual basis.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Remedies at Law)

Ms. Tomassian is not entitled to equitable relief because, among other things, Ms. Tomassian has adequate remedies at law and/or the equitable relief is neither necessary nor proper.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Right to Injunctive Relief)**

Ms. Tomassian is not entitled to injunctive relief because, among other things, the hardship that would be imposed on Kroger by any such relief would be greatly disproportionate to any hardship that Ms. Tomassian might suffer in its absence; any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate; and Kroger's advertising and marketing activities are already monitored by federal and state agencies.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

While Kroger denies that Ms. Tomassian has been damaged in any way, if it should be determined that Ms. Tomassian has suffered legally recognizable damages, such damages must be reduced or denied in their entirety to the extent that Ms. Tomassian has failed to take reasonable action to mitigate or minimize Ms. Tomassian's alleged damages, including but not limited to failing to seek or obtain a refund before filing suit.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Set Off)**

While Kroger denies that Ms. Tomassian has been damaged in any way, if it should be determined that Ms. Tomassian has suffered legally recognizable damages, such damages are subject to set off and recoupment.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Justification/Excuse)**

Kroger's alleged actions, at all relevant times and places, were necessary to the competitive operation of its business, and Ms. Tomassian's alleged injury, if any, is outweighed by the benefit to the public of Kroger's actions.

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Kroger expressly reserves the right to raise additional affirmative defenses at trial as such facts supporting any such affirmative defenses may become known to it during the pendency of this action.

## REQUEST FOR RELIEF

THEREFORE, Kroger requests judgment as follows:

1.    That Ms. Tomassian takes nothing by reason of her First Amended Complaint;

2.    That judgment be entered in favor of Kroger;

3.    That Kroger be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees to the extent permissible by law; and

4.    For such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Kroger demands a trial by jury of all issues so triable.

Dated: November 12, 2025                    DAVIS WRIGHT TREMAINE LLP

                                            By: /s/ Jacob M. Harper
                                                Jacob M. Harper

                                            *Attorney for Defendant*
                                            *The Kroger Co.*

KROGER'S ANSWER TO FIRST AMENDED COMPLAINT

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899