JACOB M. HARPER (State Bar No. 259463)
  jacobharper@dwt.com
JAMES H. MOON (State Bar No. 268215)
  jamesmoon@dwt.com
MICHAEL S. DRELL (State Bar No. 327127)
  michaeldrell@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

*Attorneys for Defendant*
*The Kroger Co.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MARY TOMASSIAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 2:25-cv-05608-JFW-PVC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT THE KROGER CO.'S MOTION TO STRIKE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION**<br><br>[*Notice of Motion and Motion; Declaration of James H. Moon; and Proposed Order Filed Concurrently*]<br><br>Date:     January 12, 2026<br>Time:     1:30 p.m.<br>Location: Courtroom 7A<br><br>Assigned to the Hon. John F. Walter<br>Courtroom 7A<br><br>Complaint Filed: June 20, 2025 |

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................5

II. BACKGROUND ..................................................................................................5

    A. Procedural History. ...................................................................................5

    B. The Court's Scheduling Order. ................................................................6

    C. Local Rule 7-3 Conference. .....................................................................6

III. LEGAL STANDARD ..........................................................................................7

IV. THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION ......................................................................8

V. CONCLUSION ...................................................................................................13

2

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alcazar v. Farmer Boys Food, Inc.*,
2021 WL 4583650 (C.D. Cal. Mar. 26, 2021) ....................................................... 9

*Clark v. Paramo*,
2018 WL 7133708 (C.D. Cal. Dec. 6, 2018) ........................................................ 12

*Davidson v. O'Reilly Auto Ents., LLC*,
968 F.3d 955 (9th Cir. 2020) ............................................................................. 8, 9

*Deleon v. Denny's Inc.*,
2020 WL 4873868 (C.D. Cal. July 22, 2020) ................................... 9, 10, 11, 12

*Fitzpatrick v. City of Los Angeles*,
2024 WL 3464175 (C.D. Cal. June 14, 2024) ............................................ 7, 9, 13

*Garcia v. Dolex Dollar Express, Inc.*,
2023 WL 8359844 (C.D. Cal. Nov. 30, 2023) ............................................. 7, 8, 9

*Gonzalez v. Gov't Emps. Ins. Co. Inc.*,
2021 WL 4805199 (C.D. Cal. Aug. 30, 2021) ............................................ 8, 9, 10

*Henderson v. Fidelity Nat'l Fin. Inc.*,
300 F.R.D. 413 (C.D. Cal. 2014) ........................................................................... 7

*Johnson v. R&L Carriers Shared Servs., LLC*,
2023 WL 3299709 (C.D. Cal. Apr. 10, 2023) ....................................................... 7

*Martinez v. Fed. Express Corp.*,
2025 WL 2958849 (C.D. Cal. Sept. 23, 2025) .................................................. 8, 9

*Pilgrim v. General Motors Co.*,
2020 WL 6129621 (C.D. Cal. Sept. 1, 2020) ............................................. 8, 9, 12

*Pryor v. Powell*,
2020 WL 2528822, at *3 (C.D. Cal. Mar. 20, 2020) .......................................... 12

*Quiroz v. Mistras Grp., Inc.*,
2010 WL 11596568 (C.D. Cal. Mar. 12, 2010) .................................................... 7

*Robertson v. Fedex Nat'l LTL, Inc.*,
2010 WL 10020690 (C.D. Cal. Jan. 5, 2010) ................................................ 11, 12

3

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Rosengren v. SF Mkts., LLC,*
  2023 WL 4842073 (C.D. Cal. July 6, 2023) ....................................................... 12

*Vinole v. Countrywide Home Loans, Inc.,*
  571 F.3d 935, 942 (9th Cir. 2009) .................................................................. 7, 8

*Whittlestone, Inc. v. Handi-Craft Co.,*
  618 F.3d 970 (9th Cir. 2010) ............................................................................... 7

*Winebarger v. Penn. Higher Educ. Assistance Agency,*
  411 F. Supp. 3d 1070 (C.D. Cal. 2019) ....................................................... *passim*

**Rules**

F.R.C.P. § 12(f) ............................................................................................. 5, 7

F.R.C.P. § 23 ....................................................................................................... 8

F.R.C.P. § 23(c)(1)(A) .............................................................................. 5, 8, 10

Local Rule 7-3 ............................................................................................. 6, 10

Local Rule 23-3 ................................................................................. 5, 8, 10, 12

4

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Mary Tomassian sought to allege on a classwide basis that defendant The Kroger Co. (Kroger) failed to disclose that its basmati rice (the Rice) contained trace amounts of heavy metals. This Court set a deadline for Ms. Tomassian to file a motion for class certification in both its Standing Order and Scheduling Order, requiring such a motion be filed by October 30, 2025: 120 days after service of the Complaint on July 2, 2025.

Ms. Tomassian did not file a motion for class certification by October 30.

She did not seek relief from this date, either informally by discussing with Kroger or formally by moving before the Court. And she has not yet even served a single discovery request, in contravention of the explicit directions of this Court. Pursuant to the Court's Scheduling Order, Standing Order, and authority under Local Rule 23-3 and Federal Rules of Civil Procedure 12(f) and 23(c)(1)(A), the Court should strike Ms. Tomassian's class allegations or deny class certification based on Ms. Tomassian's failure to meet the Court's deadline.

## II.   BACKGROUND

### A.   Procedural History.

Ms. Tomassian filed her initial "Class Action Complaint" on June 20, 2025, alleging that she purchased Rice from Kroger and Ralphs stores with a label that failed to disclose the potential or actual presence of heavy metals in the Rice and seeking to bring claims on behalf of a putative class. *E.g.* Compl. ¶¶ 21–23, 33, 102–12. Ms. Tomassian served the Class Action Complaint on July 2, 2025. ECF No. 10. Ms. Tomassian filed a First Amended Class Action Complaint (FAC) on August 29, 2025. ECF No. 19. Like the initial Class Action Complaint, the FAC purports to bring claims on behalf of a putative class. FAC ¶¶ 103–13.

5

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

### B.     The Court's Scheduling Order.

On August 15, 2025, the Court set a Scheduling Conference for October 27, 2025.  ECF No. 17.  The parties filed their Joint Initial Case Management Report on October 10, 2025.  ECF No. 25.  The Court subsequently vacated the Scheduling Conference, ECF No. 27, and issued its Scheduling and Case Management Order (Scheduling Order), ECF No. 28.  The Scheduling Order sets forth important case dates deadlines, including the trial length and date, pre-trial conference, discovery cut-off, and last day for hearing motions.  Scheduling Order at 33.  Notably, and most relevant here, the Scheduling Order, consistent with this Court's Standing Order, states that "[m]otions for class certification shall be filed within 120 days after service of a pleading purporting to commence a class action." *Id.*; *see also* ECF No. 9 (Standing Order) § 5(i).

One hundred twenty days after service of the Class Action Complaint (on July 2, 2025, ECF No. 10) was October 30, 2025.  However, Ms. Tomassian did not file a motion for class certification on or before the October 30, 2025 deadline – and she still has not filed such a motion.  Ms. Tomassian and her counsel did not contact Kroger about the deadline, did not seek relief from the deadline, and did not even arrange a conference of counsel pursuant to Local Rule 7-3 to signal her intent to file a motion for class certification.  Ms. Tomassian has also not served any discovery to date.  Moon Decl. ¶ 2.

### C.     Local Rule 7-3 Conference.

On December 5, 2025, the parties met and conferred via videoconference to discuss Kroger's Motion. *See* ECF No. 33 (Joint Statement).  During the conference, Kroger's counsel explained that both the Standing Order and the Scheduling Order set October 30, 2025 as the deadline for Ms. Tomassian to move for class certification and that, given Ms. Tomassian's failure to move, Kroger would be moving to strike the class allegations pursuant to the Court's Scheduling Order and Standing Order, which both state that "[f]ailure to timely file a Motion

6

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1 for Class Certification will result in the striking of the class allegations of the
2 operative pleading." Scheduling Order at 33; Standing Order § 5(i).  In response,
3 Ms. Tomassian's counsel expressed their belief that her class certification motion is
4 due December 29, 2025.  Joint Statement at 2.

### III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "the Court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Winebarger v. Penn. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (Walter, J.) (quoting Fed. R. Civ. P. 12(f)). "The function of a motion to strike is 'to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Garcia v. Dolex Dollar Express, Inc.*, 2023 WL 8359844 at *1 (C.D. Cal. Nov. 30, 2023) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

Additionally, "[a] defendant may move to deny class certification before a plaintiff files a motion to certify a class." *Johnson v. R&L Carriers Shared Servs., LLC*, 2023 WL 3299709, at *2 (C.D. Cal. Apr. 10, 2023) (quoting *Vinole*, 571 F.3d at 941).  The untimeliness of a motion for class certification is sufficient grounds to deny class certification. *See, e.g.*, *Fitzpatrick v. City of Los Angeles*, 2024 WL 3464175, at *3–5 (C.D. Cal. June 14, 2024) (Bernal, J.) (denying motion for class certification as untimely where motion was filed after dispositive motion deadline); *Quiroz v. Mistras Grp., Inc.*, 2010 WL 11596568, at *2 (C.D. Cal. Mar. 12, 2010) (denying motion for class certification and striking class allegations where motion for class certification was untimely); *Henderson v. Fidelity Nat'l Fin. Inc.*, 300 F.R.D. 413, 417 (C.D. Cal. 2014) (late filing of motion for class certification provided independent ground for denial).

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

7

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

## IV. THE COURT SHOULD STRIKE THE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION

A district court has broad authority to manage class certification, including setting deadlines for seeking class certification. *Davidson v. O'Reilly Auto Ents., LLC*, 968 F.3d 955, 962 (9th Cir. 2020) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) and Fed. R. Civ. P. 23(c)(1)(A)). "Federal Rule of Civil Procedure 23 requires district courts to determine whether to certify a class at 'an early practicable time after a person sues or is sued as a class representative[.]'" *Martinez v. Fed. Express Corp.*, 2025 WL 2958849, at *3 (C.D. Cal. Sept. 23, 2025) (quoting Fed. R. Civ. P. 23). Additionally, Local Rule 23-3 states that "[a]t the earliest possible time after service of a pleading purporting to commence a class action . . ., but *no later than any deadline set by the assigned judge*, the proponent of the class must file a motion for certification that the action is maintainable as a class action." *Id.* (quoting L.R. 23-3). A district court may strike class allegations upon a plaintiff's failure to seek class certification by the deadline set by the district court. *See id.* at *4 (citing *Winebarger*, 411 F. Supp. 3d at 1083); *see also Davidson*, 968 F.3d at 963, 966; *Pilgrim v. General Motors Co.*, 2020 WL 6129621, at *2 (C.D. Cal. Sept. 1, 2020) (Walter, J.) (collecting cases); *Garcia*, 2023 WL 8359844, at *2; *Gonzalez v. Gov't Emps. Ins. Co. Inc.*, 2021 WL 4805199, at *3 (C.D. Cal. Aug. 30, 2021).

The Scheduling Order and Standing Order are clear in requiring the filing of any motion for class certification "within 120 days after service of a pleading purporting to commence a class action." Scheduling Order at 33; Standing Order § 5(i); *see also* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the class as a class action."); L.R. 23-3 ("At the earliest possible time after service of a pleading purporting to commence a class action . . . *but no*

8

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*later than any deadline set by the assigned judge*, the proponent of the class must file a motion for certification" (emphasis added)).

Failure to file a motion for class certification by the Court's deadline is a sufficient basis for striking the class allegations from the FAC. *See, e.g., Davidson,* 968 F.3d at 963 ("District courts may also exercise their discretion by enforcing filing deadlines." (citations omitted)). Indeed, this Court routinely enforces its deadlines for a plaintiff to file for class certification by striking class allegations when the deadline is not met. *See Winebarger*, 411 F. Supp. 3d at 1083–84 (Walter, J.) (striking class allegations where plaintiffs failed to file by or seek relief from deadline); *Pilgrim,* 2020 WL 6129621, at *2–3 (Walter, J.) (same); *Deleon v. Denny's Inc.*, 2020 WL 4873868, at *2–3 (C.D. Cal. July 22, 2020) (Walter, J.) (same); *see also Gonzalez,* 2021 WL 4805199, at *3–5 (Klausner, J.) (dismissing class action claims where the plaintiffs did not file for class certification within time set by Standing Order and rejecting argument that time started from last amended pleading rather than pleading that "commence[d] a class action"); *Garcia,* 2023 WL 8359844, at *2–3 (Frimpong, J.) (striking class allegations for failure to file motion for class certification and declining to extend deadline due to lack of diligence); *Alcazar v. Farmer Boys Food, Inc.*, 2021 WL 4583650, at *2–4 (C.D. Cal. Mar. 26, 2021) (Klausner, J.) (dismissing class action claims "because Plaintiff has failed to timely file his motion for class certification" pursuant to the Court's standing order); *Martinez,* 2025 WL 2958849, at *3–4 (Kato, J.) (striking class allegations due to failure to file motion for class certification or seek extension); *cf. Fitzpatrick,* 2024 WL 3464175, at *3–5 (Bernal, J.) (denying untimely motion for class certification filed after dispositive motion deadline).

Ms. Tomassian served the Class Action Complaint—clearly labeled "**CLASS ACTION COMPLAINT**" and including class allegations—on July 2, 2025, ECF No. 10, thereby "purporting to commence a class action" and starting the 120 day clock. Scheduling Order at 33, Standing Order § 5(i). Pursuant to the Scheduling

9

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1  Order and the Standing Order, Ms. Tomassian's motion for class certification was
2  due by October 30, 2025—120 days later.  Scheduling Order at 33, Standing Order
3  § 5(i).  However, Ms. Tomassian failed to file a motion for class certification by
4  October 30, 2025, in direct contravention of the Scheduling Order, the Court's
5  Standing Order, Local Rule 23-3, and Federal Rule of Civil Procedure 23(c)(1)(A);
6  indeed, she has not filed a motion for class certification at all.

7  During the parties' meet and confer regarding the Motion, Ms. Tomassian
8  stated her belief that any motion for class certification was due December 29, 2025
9  – or 120 days from the filing of the FAC.  Declaration of James H. Moon (Moon
10 Decl.) ¶ 3.  But contrary to Ms. Tomassian's professed belief, the Scheduling Order
11 is clear that the 120 day deadline is based on the "pleading purporting to *commence*
12 a class action," Scheduling Order at 33; Standing Order § 5(i) (emphasis added),
13 and thus the 120 day clock started when Ms. Tomassian filed her initial Class
14 Action Complaint with class action allegations.  *Gonzalez*, 2021 WL 4805199, at
15 *3–4 (class certification untimely when not filed within 90 days of service of
16 complaint "**purporting to commence a class action** . . . The 90-day clock begins
17 once a *complaint* that contains class claims is served." (first emphasis added)).
18 Failing to calendar the correct date does not excuse failure to timely file.  *Deleon,*
19 2020 WL 4873868, at *3–4 (collecting cases).

20 Beyond Ms. Tomassian's failure to timely move for class certification, she
21 has further failed to even *prepare* for a motion for class certification, even
22 disregarding her misreading of the Scheduling and Standing Orders:  as of the date
23 of the filing of this Motion, Ms. Tomassian *has not served any discovery* – ten days
24 after the parties' L.R. 7-3 conference and nearly six full month since her initiation
25 of this case.  Moon Decl. ¶ 2; *Winebarger*, 411 F. Supp. 3d at 1084 ("Moreover,
26 despite having had nearly six months to do so, it does not appear that Plaintiffs have
27 begun to propound discovery that may be necessary to prepare their class
28 certification motion." (footnote omitted)); *see also Gonzalez*, 2021 WL 4805199, at

10
KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

1 | *5 (noting plaintiffs' lack of diligence where plaintiffs had ample opportunity to
2 | conduct discovery but had not done so or sought extensions).  As this Court has
3 | observed, in view of an abject failure to pursue discovery, "there is no reason to
4 | believe that [Ms. Tomassian] would have been able to prepare and file [her] motion
5 | for class certification [by the deadline] because [she] had yet to propound even the
6 | most basic discovery requests prior to the deadline;" and indeed, the utter lack of
7 | diligence calls into question the adequacy of Ms. Tomassian's counsel.  *Deleon,*
8 | *2020 WL 4873868*, at *5 (citing *Robertson v. Fedex Nat'l LTL, Inc.,* 2010 WL
9 | 10020690, at *6 (C.D. Cal. Jan. 5, 2010)).

10 |       Ms. Tomassian's unjustifiable delay—and wholesale disregard of her
11 | discovery obligations—also severely hampers the judicial process.  In finding that
12 | failure to prosecute a class action, including complete failure to serve discovery,
13 | significantly delayed the judicial process in *Deleon*, this Court noted that:

> This action has been on the Court's docket for more than five months.
> In that time, Plaintiffs counsel's lack of diligence has resulted in their
> failure to obtain a single document or discovery response pertaining to
> their class allegations, the need for the instant motion [to strike class
> allegations] and, if Plaintiffs were permitted to proceed with their class
> allegations, will require that this matter continue pending on this
> Court's docket for many more months while the parties engage in
> discovery that should have been completed months ago.

22 | *Id.* at *6.
23 |       So too here.  Ms. Tomassian filed her Class Action Complaint just shy of half
24 | a year ago, but served a single discovery request seeking to support her class
25 | allegations.  Permitting this case to proceed as a class action would cause this case
26 | to sit open on for even longer on the Court's busy docket while Ms. Tomassian
27 | pursued discovery from square one, substantially delaying its resolution.  Indeed,
28 | Ms. Tomassian's "counsel's neglect has created a significant delay in the judicial

11
KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

process." *Id.* (citing *Robertson*, 2010 WL 10020690, at *4); *Winebarger*, 411 F. Supp. 3d at 1084 ("Plaintiffs' failure to comply with Local Rule 23-3 as well as the Court's Scheduling and Case Management Order ('CMO') will undoubtedly result in a request to continue the March 2020 trial . . . which will interfere with the Court's ability to manage its own docket and 'secure the just, speedy, and inexpensive determination' of this action." (citations and footnote omitted)).

Ms. Tomassian's failure to timely move for class certification has also prejudiced Kroger. Her delay has "necessarily prolong[ed] the litigation for many months," including by requiring Kroger to affirmatively move to strike the class allegations or to deny class certification, and Ms. Tomassian "ha[s] made zero progress gathering information to support [her] class allegations." *Id.* at *7; *see also Robertson*, 2010 WL 10020690, at *3–4 (finding prejudice to defendant because "extended pendency of the putative class action adversely affect[ed] the value of its corporate stock, ma[d]e[] it less credit-worthy, and expose[d] it to mounting fees as a result of maintaining extensive litigation holds for documents and electronic data for a longer time."); *Rosengren v. SF Mkts., LLC*, 2023 WL 4842073, at *3 (C.D. Cal. July 6, 2023) (plaintiff's "unnecessarily delaying discovery" "'prejudice[d] all parties in the case'" and "'non-compliance with court orders' prejudiced the defendant" (citations omitted)); *Pryor v. Powell*, 2020 WL 2528822, at *3 (C.D. Cal. Mar. 20, 2020) ("Where a party offers a poor excuse (or no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal" (quoting *Clark v. Paramo*, 2018 WL 7133708, at *3 (C.D. Cal. Dec. 6, 2018))).

Ms. Tomassian failed to file a motion for class certification by the deadline set by both the Scheduling Order and Standing Order. The class allegations in the operative FAC should therefore be stricken, Scheduling Order at 33; Standing Order § 5(i); *Winebarger*, 411 F. Supp. 3d at 1083–84; *Pilgrim*, 2020 WL 6129621, at *2–

12
KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

3, or, alternatively, class certification should be denied due to the untimeliness of any motion for class certification. *Fitzpatrick*, 2024 WL 3464175, at *3–5.

## V. CONCLUSION

The Court should grant this Motion to Strike and strike the class allegations in the operative FAC or deny class certification.

Dated: December 15, 2025            DAVIS WRIGHT TREMAINE LLP

                                    By: /s/ Jacob M. Harper
                                        Jacob M. Harper

                                    *Attorney for Defendant*
                                    *The Kroger Co.*

13

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

# **CERTIFICATION**

The undersigned counsel of record for The Kroger Co. certifies that this brief complies with the 25-page limit set forth in the Court's Standing Order dated June 26, 2025.

Dated: December 15, 2025

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

*Attorney for Defendant*
*The Kroger Co.*

14

KROGER'S MOTION TO STRIKE CLASS ALLEGATIONS
OR DENY CLASS CERTIFICATION

DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FL
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899