**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

MARY TOMASSIAN, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

THE KROGER CO.,

Defendant.

Case No. 2:25-cv-05608-JFW-PVCx

**STATEMENT OF DECISION GRANTING DEFENDANT THE KROGER CO.'S MOTION TO STRIKE CLASS ALLEGATIONS OR DENY CLASS CERTIFICATION**

On December 15, 2025, Defendant The Kroger Co. ("Kroger") filed a Motion to Strike Class Allegations or Deny Class Certification (the "Motion"). On December 22, 2025, Plaintiff Mary Tomassian ("Plaintiff") filed her Opposition. On December 29, 2025, Kroger filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's January 12, 2026 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court grants Kroger's Motion, strikes the class allegations in the operative First Amended Complaint ("FAC"), and denies class certification.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a consumer who, between 2020 and March, 2025, purchased Kroger Basmati Rice ("Rice") from Kroger's Ralphs grocery stores near Woodland Hills, California. A third-party organization commissioned independent lab testing of a sample of the Rice, along with 143 other samples of store-bought rice, and found that the Rice contained heavy metals that can cause health problems in humans when ingested in certain quantities. These results were published in a May 14, 2025 report.

Plaintiff alleges she would not have purchased or consumed the Rice, or would have paid less for it, if she knew the Rice contained heavy metals and that Kroger's failure to disclose heavy metals on the Rice's packaging misled her and other consumers into purchasing the Rice. Plaintiff brings this action individually and on behalf of a putative class of nationwide and California consumers.

### B. Procedural Background

On June 20, 2025, Plaintiff filed her Class Action Complaint, bringing claims for relief for: (1) violation of California's Unfair Competition Law, Cal. Bus. &

Prof. Code § 17200, *et seq*; (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq*; (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq*; (4) Breach of Implied Warranty of Merchantability; and (5) Unjust Enrichment. Plaintiff filed her FAC by stipulation on August 29, 2025 (ECF No. 19), bringing identical claims for relief as her initial Class Action Complaint.

The Court lodged its Standing Order on the docket on June 26, 2025. ECF No. 9. Pursuant to the Standing Order, "Motions for Class Certification shall be filed within 120 days after service of a pleading purporting to commence a class action . . . Failure to timely file a Motion for Class Certification will result in the striking of the class allegations from the operative pleading." *Id.* § 5(i).

The Court issued its Scheduling and Case Management Order ("Scheduling Order") on October 14, 2025. ECF No. 28. The Scheduling Order details significant dates and deadlines in the case. The Scheduling Order also specifically states that, as also set forth in the Court's Standing Order, "Motions for class certification shall be filed within 120 days after service of a pleading purporting to commence a class action." *Id.* at 33. Given Plaintiff's service of the Class Action Complaint, which included class allegations, on July 2, 2025 (ECF No. 10), any motion for class certification was due 120 days later, or October 30, 2025. Plaintiff did not file a motion for class certification on or before October 30, 2025, has not filed any such motion to date, and has not filed a motion for relief from the deadline.

## II. LEGAL ANALYSIS

### A. Motion to Strike

"Rule 23 of the Federal Rules of Civil Procedure provides that this Court must determine whether to certify a class '[a]t an early practicable time after a person sues or is sued as a class representative.'" *Deleon v. Denny's Inc.*, 2020 WL 4873868, at *2 (C.D. Cal. July 22, 2020) (quoting Fed. R. Civ. P. 23(c)(1)(A)).

"The Central District of California has, in an attempt to comply with requirements of Federal Rule of Civil Procedure 23, adopted Local Rule 23-3." *Id.* Local Rule 23-3 provides that:

> At the earliest possible time after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., but no later than any deadline set by the assigned judge, the proponent of the class must file a motion for certification that the action is maintainable as a class action.

C.D. Cal. Civ. L.R. 23-3 (eff. June 1, 2025).

"[U]nder Federal Rules of Civil Procedure 12(f), the Court 'has discretion to strike class allegations for failure to comply with Local Rule 23-3." *Deleon*, 2020 WL 4873868, at *2 (quoting *Winebarger v. Penn. Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1083–85 (C.D. Cal. 2019) and collecting cases); *see also* *Davidson v. O'Reilly Auto Ents., LLC*, 968 F.3d 955, 963 (9th Cir. 2020) ("District courts may also exercise their discretion by enforcing filing deadlines." (citations omitted)). "Local Rule 23-3 and Federal Rule of Civil Procedure 23(c)(1) share an important purpose . . . 'premised on sound practical considerations,' including preservation and protection of the putative class members' claims." *Deleon*, 2020 WL 4873868, at *2 (quoting *Winebarger*, 411 F. Supp. 3d at 1083–85).

Plaintiff concedes that she did not file a motion for class certification within the 120 days required by the Standing Order and Scheduling Order, despite filing a Class Action Complaint and FAC that include class allegations and seeking to represent a putative class, and Plaintiff therefore violated Local Rule 23-3. *See, e.g.*, *id.*; *Pilgrim v. General Motors Co.*, 2020 WL 6129621, at *3 (C.D. Cal. Sept. 1, 2020) (failure to timely file for class certification violates Local Rule 23-3). Plaintiff also did not request an extension of her time to file for class certification

prior to the expiration of the deadline – indeed, Plaintiff did not seek relief at all until she filed her Opposition, as discussed in detail herein. *See* Deleon, 2020 WL 4873868, at *3. This failure provides sufficient grounds to strike the class allegations in the FAC and deny class certification pursuant to Rule 23, Local Rule 23-3, the Court's Standing Order, and the Court's Scheduling Order. *See id.*; *Pilgrim*, 2020 WL 6129621, at *3; *Winebarger*, 411 F. Supp. 3d at 1083–84. The Court therefore grants Kroger's Motion.

**B. No Excusable Neglect**

In her Opposition, Plaintiff for the first time requests an extension of the class certification deadline, arguing that the missed deadline was the result of "excusable neglect" due to system errors when Plaintiff's counsel changed law firms. Kroger opposes Plaintiff' s request, arguing that requesting relief in an opposition is improper and further that Plaintiff's failure to accurately calendar the deadline is not excusable neglect and that extending the class certification deadline would prejudice Kroger and substantially delay the resolution of this litigation.

"Rule 6 of the Federal Rules of Civil Procedure in relevant part provides that '[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect.'" *Deleon*, 2020 WL 4873868, at *3 (quoting Fed. R. Civ. Proc. 6(b)(1)(B)).

> Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect. To determine whether neglect is 'excusable,' courts consider (1) the prejudice to the defendants, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the party

> seeking relief, and (4) whether that party acted in good faith.

*Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)).[1]

Although Plaintiff failed to file a motion requesting an extension of the deadline for filing a motion for class certification, the Court will construe Plaintiffs' Opposition as a request for an extension.

**1. Failure to Calendar**

The Court finds that Plaintiff's neglect was not excusable.

Plaintiff explains that the reason she missed the class certification deadline was her counsel's move between law firms, which resulted in the correct date not being calendared. According to Plaintiff and her counsel, the due date for her motion "did not properly sync" between the systems of her counsel's old and new firms, and a member of her counsel's support staff manually calendared the deadline as December 27, 2025 – 120 days after the filing of the FAC. *See* Opp. at 2–3. Plaintiff further argues that the actual deadline of 120 days after service of the initial Complaint was "odd" because of where it fell in relation to other events in the case and it was therefore "understandable" to believe the deadline was later. *Id.* at 5.

The Court has previously observed that "failing to calendar or miscalendaring a deadline is not excusable neglect." *Deleon*, 2020 WL 4873868, at *3 (collecting cases). The facts in the instant matter are strikingly similar to those in *Deleon*. There, plaintiffs' counsel failed to timely file a motion for class certification on the basis of an alleged failure to calendar the deadline, arguing that the deadline was missed due to medical leave of the responsible support staff member and other staff members being furloughed due to the then-emerging Covid-19 pandemic. *See id.* at

---

[1] Neither party contests that the failure was inadvertent rather than a result of bad faith litigation strategy.

*1. The Court found that the plaintiffs' neglect was not excusable on this basis in view of substantial authority holding that failure to calendar a deadline is not a compelling excuse, the plaintiffs laying blame at the feet of their counsel's support staff, and that the plaintiffs had, in addition to failing to file either a motion for class certification or for an extension, been dilatory in prosecuting their case by failing to serve discovery until after the class certification deadline, when the defendant notified them of their missed deadline. *See id.* at *3–5.

Here, Plaintiff and her counsel claim her failure to file a motion for class certification was due to a calendaring error by her counsel (in the wake of counsel changing law firms) and counsel's paralegal calculating the date from the FAC rather than the Complaint. Also like *Deleon*, Plaintiff has not served any discovery, as discussed herein, and did not seek relief from the deadline prior to its expiration or even after until Kroger filed its Motion. But nowhere in her Opposition does Plaintiff address the similarity of her situation to that of *Deleon*; indeed, she does not address *Deleon* at all, much less explain why the Court should find her neglect warrants excusing as compared to other cases, as discussed in *Deleon*. *See id.* at *5 (finding "Plaintiffs' lack of excusable neglect" to be "much more apparent" compared to "other cases cited").

Further, Plaintiff's contention that the Court's 120-day deadline is "impracticable" and "may have been in error" in view of Ninth Circuit law is not well taken. As Kroger highlights, the Court has already addressed and rejected Plaintiff's argument, particularly in view of the Ninth Circuit's explicit statement that district courts may continue to set class certification deadlines. *Pilgrim*, 2020 WL 6129621, at *3 (citing *Davidson*, 968 F.3d at 966) (Ninth Circuit "did not invalidate or strike Rule 23-3"). The Court's Standing Order and Scheduling Order are clear: "Motions for Class Certification shall be filed within 120 days after **service of a pleading purporting to commence a class action** . . . Failure to timely file a Motion for Class Certification will result in the striking of the class allegations

from the operative pleading." Standing Order § 5(i) (emphasis added); *see also* Scheduling Order at 33. Plaintiff served her opening Class Action Complaint on July 2, 2025, ECF No. 10, thus starting her 120-day clock. *Gonzalez v. Gov't Emps. Ins. Co. Inc.*, 2021 WL 4805199, at *3–4 (C.D. Cal. Aug. 30, 2021) (class certification untimely when not filed within 90 days of service of complaint "purporting to **commence** a class action . . . The 90-day clock begins once a *complaint* that contains class claims is served." (first emphasis added)). Plaintiff has been on notice of this requirement since the Court filed its Standing Order, but Plaintiff did not seek clarification or an extension or file for class certification. The numerous errors in the file transfer between Plaintiff's counsel's prior and current firms should have alerted counsel to the need to verify the accuracy of calendared dates and review case deadlines, as "it is still the counsel of record's responsibility to manage deadlines and comply with local rules and standing orders." *Deleon*, 2020 WL 4873868, at *4.

The Court therefore finds that Plaintiff's counsel's failure to calendar the deadline for her motion for class certification, and failure to seek relief prior to the deadline, does not excuse Plaintiff's neglect.

**2. Prejudice to Kroger**

Plaintiff contends that her proposed extension will not prejudice Kroger because Kroger previously agreed to the deadline she requested when the parties filed their Joint Initial Case Management Statement. As Kroger points out, Plaintiff cites no cases in support of her argument, and the Court already declined to adopt those dates. Further, the Court has previously concluded that a plaintiff's delay in prosecuting her case, "necessarily prolong[ing] the litigation for many months" due to a "Plaintiff[] hav[ing] made zero progress gathering information to support [her] class allegations," causes prejudice to defendants. *Deleon*, 2020 WL 4873868, at *7; *see also* *Robertson v. Fedex Nat'l LTL, Inc.*, 2010 WL 10020690, at *3–4 (C.D. Cal. Jan. 5, 2010) (finding prejudice to defendant as "extended pendency of the

putative class action adversely affect[ed] the value of its corporate stock, ma[d]e[] it less credit-worthy, and expose[d] it to mounting fees as a result of maintaining extensive litigation holds for documents and electronic data for a longer time."); *Rosengren v. SF Mkts., LLC*, 2023 WL 4842073, at *3 (C.D. Cal. July 6, 2023) (plaintiff's "unnecessarily delaying discovery" "'prejudice[d] all parties in the case'" and "'non-compliance with court orders' prejudiced the defendant" (citations omitted)); *Pryor v. Powell*, 2020 WL 2528822, at *3 (C.D. Cal. Mar. 20, 2020) ("Where a party offers a poor excuse (or no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal" (quoting *Clark v. Paramo*, 2018 WL 7133708, at *3 (C.D. Cal. Dec. 6, 2018))). This factor therefore weighs against excusing Plaintiff's neglect.

**3. Delay**

The Opposition further fails to address the impact of Plaintiff's delay on the progress of the judicial proceedings, including her failure to timely file for class certification and to propound any discovery. As Kroger argues, Plaintiff has substantially delayed resolution of this case and thus the judicial process.

*Deleon* is once again instructive. There, in finding the plaintiffs significantly delayed the judicial process and thus their neglect was inexcusable, the Court noted that:

> This action has been on the Court's docket for more than five months. In that time, Plaintiffs counsel's lack of diligence has resulted in their failure to obtain a single document or discovery response pertaining to their class allegations, the need for the instant motion [to strike class allegations] and, if Plaintiffs were permitted to proceed with their class allegations, will require that this matter continue pending on this Court's docket for many more

> months while the parties engage in discovery that should have been completed months ago.

*Deleon*, 2020 WL 4873868, at *6.

Here, Plaintiff has not served a single discovery request in the *six* months that this action has been pending – despite the passing of the class certification deadline months ago, and even after Kroger pointed out that fact in its Motion and Reply. ECF No. 34-1 ¶ 2. If the Court were to grant Plaintiff's request to substantially extend the class certification deadline, this case will "continue pending on this Court's docket for many more months while the parties engage in discovery." *Deleon*, 2020 WL 4873868, at *6. Plaintiff complains only that Kroger also has not conducted discovery, but as Kroger points out in its Reply, the burden at class certification is on *Plaintiff*, not Kroger, to establish the requirements for certification of a class. *Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1023 (9th Cir. 2024) (citing *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (en banc)).

"For these reasons, even if Plaintiffs had calendared their deadline, there is no reason to believe that they would have been able to prepare and file their motion for class certification because they had yet to propound even the most basic discovery requests prior to the deadline." *Deleon*, 2020 WL 4873868, at *5. The significant delay of the judicial process caused by Plaintiff's neglect further counsels against granting relief. Therefore, as no factor discussed weighs in favor of granting Plaintiff's relief, the Court **DENIES** Plaintiff's belated request for an extension.[2]

---

[2] Given Plaintiff and her counsel "ha[ve] yet to propound even the most basic discovery requests," "even if Plaintiff[] had calendared the[] deadline, there is no reason to believe that [she] would have been able to prepare and file [her] motion for class certification." *Deleon*, 2020 WL 4873868, at *5. This "complete lack of diligence in representing the putative class" "is a strong indication that [Plaintiff's counsel] will not 'fairly and adequately protect the interests of the class.'" *Id.* (citations and emphasis omitted); *see also* *Effinger v. Ancient Organics LLC*, 2025 WL 1489710, at *6 (N.D. Cal. May 23, 2025) (finding class counsel inadequate and

## III. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff failed to timely file her motion for class certification as required by the Court's Standing Order and Scheduling Order, and Plaintiff's reasons for this failure (counsel's failure to properly calendar the deadline) does not satisfy the standard for excusable neglect under Rule 6(b)(1)(B). The Motion is therefore **GRANTED**; the class allegations in Plaintiff's FAC are **STRICKEN** and class certification is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 16, 2026

Honorable John F. Walter
United States District Judge

---

denying class certification where counsel "failed to take timely discovery necessary to support class certification" and repeatedly sought last-minute extensions, including of class certification deadline).